## THE PEOPLE *v.* GEORGE HORTON.

It is no objection to an indictment that it was found while an investigation of the charge was pending before the committing magistrate.

There is no rule of practice making it imperative, in criminal cases, to put over the trial, upon affidavits of a prescribed form and substance.

Where an application is made by a defendant, in a criminal case, to postpone the trial, strict practice requires the prisoner to make in his affidavits a full disclosure of the names of his witnesses and the facts he expects to prove by them, though such strictness may well be waived by the District Attorney or by the court, on an application made at the term when the indictment is found; and where there is no appearance of ill faith, the court ought to grant a reasonable opportunity to supply defects and omissions in the affidavits before the decision upon the application.

The postponement of the trial of an indictment, on the application of the prisoner, is in no case a matter of legal right, but rests upon the discretion of the court. In resisting such a motion, the District Attorney may state facts touching the merits of the application; and the demeanor and conduct and conversation of the prisoner in the presence of the court, may properly be taken into consideration, and the minutes of the grand jury may be referred to for the purpose of ascertaining the materiality of the matters proposed to be proved by the absent witnesses.

In deciding upon such an application, the same credence cannot be given to the affidavit of a person indicted for felony, as to the uncontradicted affidavit of a party to a civil action.

THE prisoner was arrested upon a charge of grand larceny, upon a magistrate's warrant, and while standing committed for further examination, was indicted for the same crime at the Oyer and Terminer. On being arraigned in that court, he demanded a trial, and the indictment being sent to this court, he was tried and convicted two days after such arraignment. On a bill of exceptions he moved for a new trial. The grounds of the application are sufficiently stated in the opinion.

*C. S. Macomber*, for the prisoner.

*A. Sawin* (District Attorney), for the People.

The People *v.* Horton.[e]

*By the court,* CLINTON, J. The motion to quash the indictment upon the ground that the investigation of the charge was still pending before the committing magistrate when the indictment was found, was frivolous. The grand jury has jurisdiction to inquire of and present all offences committed within the county. Had there been anything in the objection, the prisoner could have had advantage of it only before pleading.

His counsel requested the court to charge three several propositions of law, and "then and there excepted" to the refusal of the court. It is not necessary to pass upon all these propositions. It is sufficient to say that one of them is unsound. It is a well settled rule that the defendant can have no benefit of an exception to a general refusal to charge several propositions, unless the refusal is erroneous in every particular. Such an exception does not bring up the charge, and the presumption is that the charge was correct—that it, in effect, did cover the whole ground, and included and asserted all the sound propositions of law involved in the request of the prisoner, and applicable to the case made before the jury.

The material inquiry is whether there was irregularity or error in the refusal of the court to postpone the trial. The prisoner was arraigned in the Oyer and Terminer on the 27th, and tried in this court on the 29th of September. The defendant moved for a postponement upon his own affidavit, in the ordinary form, of the materiality of two witnesses—one Bennet, a resident of this State, and one Stanford, a resident of Minnesota—and set forth material facts which he expected to be able to prove by Stanford, but did not set forth any facts which he expected to be able to prove by Bennet, and swore that he believed he would be able to procure the attendance of Bennet and the testimony of Sanford at the next term of the court. The counsellor of the court, upon whose advice the affidavit was founded, swore that it was so founded, and that he belived the defendant could not safely proceed to trial without the benefit of the testimony of these witnesses. It may well be that these affidavits were, in some particular or

particulars, wanting in fullness and precision, but we cannot hesitate to say that, under ordinary circumstances, they were sufficient to justify a delay of the trial.

A criminal court ought to proceed with the greatest caution, and even with tenderness, towards the accused. It is the guardian of his rights as well as of the rights of the people at large, and undue precipitancy is subversive of all safety, and tends to bring the tribunal into public contempt or hatred. But, on the other hand, in the exercise of its sad duties, a criminal court must be firm. It cannot for light causes jeopard the rights or interests of the public. It is informed by the indictment that evidence sufficient, in the opinion of the grand jury, to warrant a conviction of the prisoner, has been adduced before it; and where the District Attorney moves the cause for trial, the presumption is that that evidence is ready to be laid before the petit jury, and the court cannot, without good cause, grant a delay which may lead to a dispersion of the witnesses and the loss of material testimony. For the purposes of the application to postpone the trial, the presumption is that the prisoner is guilty, and that, if tried, he will be convicted; and, whatever may be the ordinary practice, I have no doubt that the strict rule requires the prisoner, in every case, to make a full disclosure of the names of his witnesses, and of the facts he expects to prove by them, though this strictness may very well be waived by the District Attorney or by the court, on application made at the term when the indictment is found. In such a case the affidavits should not be weighed with over-scrupulous particularity, and, where there is no appearance of ill faith in the motion, the court ought to grant all reasonable opportunity to correct and amplify them before a decision. In this case, it seems to me that the affidavits were substantially sufficient, and that opportunity ought to have been afforded to make them so, if the court deemed them wanting in fullness or precision. There is, however, no pretence that the refusal was founded upon the informality or *prima facie* insufficiency of the affidavits. It must have proceeded on other grounds, and I can imagine abundant reasons for it.

The People *v.* Horton.

I cannot recognize the doctrine that the prisoner has a legal right to demand a postponement of his trial, upon the strongest possible affidavits, though his trial be moved on the very day he is indicted. The court may still be called upon to exercise a discretion in the matter. The District Attorney, as a sworn officer of the court, and indifferent between the People and the prisoner, may state facts within his own knowledge, touching the merits of the application. The demeanor and conduct and conversation of the prisoner in the presence of the court, may well sway its decision. The minutes of the grand jury may disclose the fact that the matters expected to be proven by the absent witnesses, are wholly immaterial. It cannot give the same implicit credence to the affidavit of a person indicted before it for felony that it must repose in the uncontradicted affidavit of a party to a civil action. The disposition of the motion, whenever made, and though made upon uncontradicted affidavits, raises no question of law, unless the record show that the court decided, as a question of law, that a postponement could not be granted, or, as in the case of *The People* v. *Vermilyea* (7 *Cow.*, 369), that the court decided that a witness was material, and that his absence was cause for a postponement, and then denied effect to its own decision, by requiring the prisoner to proceed forthwith to trial without the full benefit of the testimony of the witness. Here, then, is no error; and as there is no rule of practice making it imperative in criminal cases, to put over the trial upon an affidavit or affidavits of a prescribed form and substance, there has been no irregularity.

It is hardly necessary to add that we have no reason to believe that the discretion of the court below was exercised harshly or unwisely in the case of the prisoner.

New trial denied.