NEW YORK OYER AND TERMINER. April 10, 1855. *E. P Cowles,* Justice of the Supreme Court, presiding.

THE PEOPLE *vs.* HYLER and others.

A grand jury has full power to make inquiry and to present by indictment, all persons charged with crime, whether such persons are or are not under arrest and examination before any of the magistrates of the county.

It is no good reason for quashing an indictment, that at the time it was found, the defendants were under arrest on a warrant issued by the coroner, after an inquisition found by a coroner's jury implicating the defendants in the crime, and that the preliminary examination before the coroner had not been brought to a close.

Where a coroner's jury finds that a murder has been committed and the coroner binds over the witnesses to appear at the next criminal court at which an indictment can be found, it is the duty of the grand jury to proceed at once to act upon the case without reference to the facts whether the accused is in custody or whether he is then under examination before the coroner.

This was a motion to quash an indictment for murder on grounds fully stated in the opinion of the court.

*H. F. Clark,* for the defendants.

*A. O. Hall* (District Attorney) for the people.

After taking time for consideration, the following opinion was delivered by

COWLES, J.—This is a motion made in behalf of the defendants, Hyler, Linn, Morrissey and Irving, to quash the indictment and remand the parties back for a preliminary examination, on the ground that after the coroner's jury had returned their inquisition, implicating them as accessories to the murder of Wm. Poole, they were arrested by warrant issued by the coroner. That they thereupon demanded, but were refused by him an examination, by witnesses to be called either for or against them, the coroner holding that under the statute he had no power to do more than take the personal statements or

The People *v.* Hyler.

examination of the defendants without oath. It will not be ne-
cessary now to discuss the question whether the coroner was right
or otherwise in his construction of the law, further than to say
that upon an examination of the statute I have arrived at the
same conclusion with Mr. Justice Morris, when that question
arose before him; and without stopping to assign my reason,
shall hold for all the purposes of this motion that the coroner
erred in denying the defendants the examination they demanded.
The question then arises, " Have the defendants, by reason of
such refusal, a claim upon the court for its interposition, as
now moved for by them? It was not contended on the argu-
ment that there has been any irregularity in the finding of this
indictment; for it can not be denied that the grand jury have
full power to make inquiry, and present, by indictment, all
persons charged with crime; and that, too, whether such per-
sons are or are not under arrest and examination before any of
the magistrates of the county. But it is contended that where
a party is arrested before indictment, there is a manifest im-
propriety and undue haste on the part of the grand jury in en-
tertaining a complaint and proceeding to indict until the
preliminary examination shall have been brought to a close,
and that while the statute has not inhibited the grand jury from
acting upon that class of cases, yet that a quasi right is pos-
sessed by the accused to have such examination fully closed
before being presented by the grand jury. I will not deny
that in many cases, if the grand jury are apprized of the facts
that the party is under arrest, and that the committing magis-
trate is proceeding with a full examination into the facts and
circumstances attending the alleged offence, and particularly
in that class of cases the prosecution of which is initiated upon
the complaint of the individual, and so assume a character in
some degree personal to the prosecutor, it would be very wise
and judicious in the grand jury to defer action until the ma-
gistrate has made return of all the testimony taken before him.
This will always enable both the grand jury and the public prose-
cutor, by an inspection of the return, to judge of its character
and form some opinion as to the probability of guilt or inno-

cence, and the propriety of further prosecution. Such a discretion, if it exists on the part of the grand jury, would apply to all those cases where the original complaint is made to a justice of the peace, and to all other cases where a return of the proceedings and examinations had are not made or the witnesses recognized to appear and testify before the grand jury until the final close of the investigation before the committing magistrate. But an examination of the statute will show that in this case the grand jury possessed no such discretion. That they could not, had they been apprized of the fact that these parties were under arrest and before the coroner for examination, defer their own action, but were bound, if the testimony warranted, to indict. By 2 Revised Statutes, 742, article 1st, in regard to coroner's inquests, it will be seen that upon notice received by the coroner that any person has been slain, it is the coroner's duty forthwith to summon a jury to appear before him and make inquisition concerning such death. By section five, it is provided that the jury, after inspection of the body and hearing the testimony, shall deliver to the coroner their inquisition in writing, in which they are to certify the cause, manner and circumstances of the death, " and who were guilty thereof, either as principal or accessory, and in what manner."

Section six provides that if " the jury find that any murder, manslaughter or assault has been committed, the coroner shall bind over the witnesses to appear and testify at the next criminal court at which an indictment for such an offence can be found that shall be held in the county," and the last clause of the same section further provides that if "the party charged with any such offence be not in custody, the coroner shall have power to issue process for his apprehension in the same manner as a justice of the peace."

Thus it will be seen, that by express mandate of the statute, the moment the coroner's jury found and subscribed their verdict, the whole matter, with all the witnesses, was sent to the grand jury — sent to them to act upon at once, and with no discretion to delay their proceeding upon the charge,

The People *v.* Hyler.

whether the accused were or were not in custody, or whether they were or were not under examination before the coroner, as provided in section seven. The case is therefore entirely unlike that other class to which I have heretofore alluded where the returns are not made nor the witnesses bound over to appear and testify until the preliminary examination is closed; and it would be, in my judgment, just as much a dereliction of duty in the grand jury to refuse to act after the coroner's inquisition had been returned, as it would to give a similar refusal after the return of the preliminary examination by the committing magistrate in that class of cases. If I am right in the view I have taken of the mandatory character of the statute which controlled the action of the grand jury in this case, there is of course no ground on which this motion can be granted. That the indictment is regular is conceded, and the court can not be held to possess a discretion to set aside an indictment as prematurely found in a case where the grand jury have none to refuse finding it. The motion to quash must therefore be denied.