### HANNIBAL FRENCH and CHARLES J. CONKLIN, plaintiffs in error, *v.* THE PEOPLE, defendants in error.

In an indictment against two persons, for selling liquor in violation of the excise laws, it is no defence to one that he did the acts complained of as a clerk of the other defendant, and by his direction, there bieng no allegation that the illegal acts were done by compulsion.

The provisions of the Revised Statutes, relative to the primary examination of persons accused of crimes, do not limit the right of the people, through their officers, to institute accusations before the grand jury; and it is no defence to an indictment that, previous to the complaint before the grand jury, there had been no preliminary proceedings before a magistrate.

Form of an indictment for a violation of the fifteenth and sixteenth sections of the statute entitled "Of excise, and the regulation of taverns and groceries" (1 *R. S.*, 854), of special pleas to the same, and of demurrer and joinder.

THE defendants were jointly indicted, at the October term of the Suffolk circuit, 1854, for a violation of the fifteenth and sixteenth sections of the statute entitled " Of excise, and the regulation of tavern and groceries." The indictment was remitted for trial to the Court of Sessions of Suffolk county.

The indictment was as follows :

*Suffolk County, ss :*

The jurors of the people of the State of New-York, in and for the body of the county of Suffolk, upon their oath,

present : That Hannibal French, late of the town of South-
ampton, in the county of Suffolk, merchant, and Charles J.
Conklin, late of the same place, merchant, on the fifteenth
day of February, one thousand eight hundred and fifty-four,
with force and arms, at the town and in the county afore-
said, did willfully unlawfully and wrongfully sell, to divers
persons, strong and spiritous liquors and wines, in quantities
less than five gallons at a time, to wit, one gill of rum, one
gill of brandy, one gill of whiskey, one gill of gin and one
pint of wine, without having a license therefor granted,
pursuant to the provisions of the statute entitled " Of excise,
and the regulation of taverns and groceries," in contempt of
the said people and their law, against the form of the statute
in such case made and provided, and against the peace of
the people of the State of New-York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do
further present : That the said Hannibal French and Charles
J. Conklin, on the fifteenth day of April, one thousand eight
hundred and fifty-four, with force and arms, at the town
and in the county aforesaid, did willfully, unlawfully and
wrongfully sell, to divers persons, other strong and spiritous
liquors and wines, in quantities less than five gallons at a
time, without having a license therefor granted, pursuant to
the provisions of the statute entitled " Of excise, and the
regulation of taverns and groceries," in contempt of the said
people and their laws, against the form of the statute in
such case made and provided, and against the peace of the
people of the State of New-York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do
further present, That the said Hannibal French and Charles
J. Conklin, on the fifteenth day of July, one thousand eight
hundred and fifty-four, at the town and in the county afore-
said, did willfully, unlawfully and wrongfully sell, to some
person to the jurors aforesaid unknown, other strong and
spiritous liquors and wines, in quantities less than five gallons
at a time, to wit, one gill of rum, one gill of brandy, one

gill of whiskey, one gill of gin and one pint of wine, without having a license therefor granted, pursuant to the provisions of the statute entitled "Of excise, and the regulation of taverns and groceries," in contempt of the said people and their laws, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present: That the said Hannibal French and Charles J. Conklin, on the fifteenth day of August, one thousand eight hundred and fifty-four, at the town and in the county aforesaid, did willfully, unlawfully and wrongfully sell, to divers persons, other strong or spiritous liquors and wines, to be drank in their house there situate, to wit, one gill of rum, one gill of brandy, one gill of whiskey, one gill of gin and one pint of wine, and did then and there suffer such spiritous liquors and wines, sold by them and under their direction and authority, to be drank in their said house, without having obtained a license therefor as a tavern-keeper, in contempt of the said people and their laws, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present: That the said Hannibal French and Charles J. Conklin, on the fifteenth day of September, one thousand eight hundred and fifty-four, at the town and in the county aforesaid, did willfully, unlawfully and wrongfully sell, to divers persons, other strong and spiritous liquors and wines, to be drunk in the house of them, the said Hannibal French and Charles J. Conklin, there situate, and did then and there suffer such spiritous liquors and wines, sold by them and under their direction and authority, to be drunk in their house, without having obtained a license therefor as a tavern-keeper, in contempt of the said people and their laws, against the form of the statute in such case made and provided, and

against the peace of the people of the State of New-York and their dignity.

WM. WICKHAM, Jr.,
*District Attorney.*

The defendant French interposed the following plea:

SUFFOLK COUNTY SESSIONS.

| The People of the State of New-York *v.* Hannibal French and Charles J. Conklin. | *March*, 1855. |

Hannibal French, the above named prisoner, appears in his own proper person and prays judgment of the bill of indictment presented against him, and that the same may be quashed. He alleges and avers that no complaint against him was made to the grand jury of Suffolk county, at the time of the presentation of such indictment or before, by any person, upon oath or without oath, of any offence named in the indictment, or other offence or violation of the law of the State of New-York; that no complaint was at any time made by any person, before any magistrate of the State of New-York, for the offence named in the indictment against this prisoner, nor was any warrant issued against him, nor was any examination had before any magistrate of the facts constituting the offence named in the bill of indictment; that no commitment nor return of such arrest and examination was made by any magistrate to any court or to any district attorney of the State of New-York; that the witnesses, upon whose testimony the said bill of indictment was found, attended by force of a writ of subpœna, issued by the district attorney of Suffolk county, William Wickham, Esq., of his own mere motion, or at the solicitation of some person or persons to this prisoner unknown, several days before the meeting and sitting of the court and the grand jury; that such subpœna was not issued by the district attorney in

compliance with any request or direction of the grand jury finding such indictment, nor by the direction of the court, nor in support of any prosecution for any offence against this prisoner; that the witnesses against this prisoner were compelled to attend, by the district attorney, in violation of law and against the statute of the State of New-York; that no notice of such proceeding was given to this prisoner until his arrest; that no challenge or objection was made to the competency of any one of the grand jurors by whom such indictment was found, for the reason that no notice had been given him, by any proceedings before a magistrate, by which he was held to answer a criminal charge; that, by reason of the above facts, this prisoner asks to be relieved from making answer or plea to said bill of indictment, and hereby offers to prove the truth of this plea by his own oath and by other evidence.

*Suffolk County, ss:*

Hannibal French, being duly sworn, saith: That the above plea is true in substance and matter of fact.

HANNIBAL FRENCH.

Sworn before me, this 6th day
of March, 1855.

JAMES B. COOPER, *Clerk.*

The defendant Conklin pleaded as follows:

SUFFOLK COUNTY SESSIONS.

The People of the State of New-York
*v.*
Hannibal French and Charles J.
Conklin.

The above named Charles J. Conklin appears in his own proper person, and prays judgment of the bill of indictment presented against him, and that the same be quashed; for he alleges and avers: That no complaint against him was

preferred before the grand jury of Suffolk county at the time of the presentation of such indictment, or before, or by any person, upon oath or without oath, of any offence named in the indictment, or other offence or violation of the law of the State of New-York; that no complaint was at any time made by any person, before any magistrate of the State of New-York, for the offence named in the indictment against him, the said Charles J. Conklin, nor was any warrant or process issued against him, nor was any examination had before any magistrate of the facts constituting the offence named in the bill of indictment; that no commitment nor return of such arrest and examination was made by any magistrate to any court or to any district attorney of the State of New-York; that the witnesses, upon whose testimony the said bill of indictment was found, attended by force of a writ of subpœna issued by the district attorney of Suffolk county, William Wickham, Esq., of his own motion, or at the solicitation of some person or persons to this defendant unknown, several days before the meeting and sitting of the court and the grand jury; that such subpœna was not issued by the district attorney in compliance with any request or direction of the grand jury finding such indictment, nor by the direction of any court, nor in support of any prosecution for any offence against the prisoner; that the witnesses against the prisoner were compelled to attend, by the district attorney, in violation of law and against the statutes of the State of New-York; that no notice of any proceedings was given to this defendant until his arrest; that no opportunity was afforded him to challenge any member of the grand jury, and that no challenge or objection was made to the competency of any one of the grand jury by whom such indictment was presented for want of such notice, and for want of notice by proceeding before a magistrate by which he was held to answer a criminal charge; that, by reason of the above facts, the prisoner asks to be relieved from making answer or plea to said bill of indictment; and the defendant further pleads,

that before and at the time mentioned in said bill, and at the time of the alleged commission of the offences named in such indictment, he was a clerk in the store of said French, and not a partner, or in any way interested in the profits arising from such sale, or in the business of said French, but acted wholly as his clerk or agent in the delivery of articles sold, and by his directions, and hereby offers to prove the truth of this plea by his own oath and by other evidence.

*Suffolk County, ss:*

Charles J. Conklin, being duly sworn, saith: That the above plea is true in substance and matter of fact.

                  C. J. CONKLIN.

Sworn before me, this 11th
    day of April, 1855.
          JAMES H. PRICE, *Justice of the Peace.*

The district attorney demurred to both of the pleas as follows:

SUFFOLK COUNTY SESSIONS.

The People
*v.*
Hannibal French and Charles J. Conklin.

And William Wickham, Jr., district attorney of the county of Suffolk, who prosecutes for the people of the State of New-York, in this behalf, as to the said pleas of the said Hannibal French and Charles J. Conklin, by them pleaded and set forth, says they are not sufficient in law to have precluded the said people from prosecuting the said judgment against them, the said Hannibal French and Charles J. Conklin, and that the said people are not bound by the law of the land to answer the same; wherefore, for want of a sufficient plea in this behalf, he, the said district attorney, prays judgment, and that this defendant may be convicted, &c.

The defendants joined in demurrer as follows:

And the said Hannibal French and Charles J. Conklin say that their said plea, by them above pleaded, and the matter therein contained, in manner and form as the same are above pleaded and set forth, are sufficient in law to bar and preclude the said people from prosecuting the said indictment against them, the said Hannibal French and Charles J. Conklin, and they are ready to verify the same; wherefore, inasmuch as the said district attorney has not answered the said plea, nor in any manner denied the same, the said Hannibal French and Charles J. Conklin pray judgment, and that by the court here they may be dismissed and discharged from the premises in the said indictment specified.

The defendants also moved to set aside the indictment. After hearing argument the court denied the motion, and decided the pleas to be bad, and refused judgment of *respondeas ouster*, and rendered final judgment and pronounced sentence.

Upon a writ of error issued, the proceedings were stayed till the decision of this court.

*S. L. Gardiner*, for the plaintiffs in error.

I. The writ of subpœna not having been issued by the district attorney in conformity with the requirement of any grand jury, nor in support of any prosecution then pending, was illegally issued, and all subsequent action based thereon by the grand jury was irregular, and the indictment presented was void.

II. The defendants were severally entitled to an examination, in relation to their offence, before a magistrate; to be then and there informed of the charges against them; to the aid of counsel, if required; to be confronted with the complainant and his witnesses; and their examination in his

presence, on oath, in regard to their offence, to be reduced to writing; to an examination of witnesses in their behalf, and to make their statements explanatory of the charge, and the matters connected therewith, in conformity with the provisions of the statute entitled " Of the arrest and examination of offenders," &c. (2 *R. S.*, 590.)

III. No opportunity of time and place having been given to the defendants to challenge the competency of any person summoned to serve on the grand jury before he was sworn, or at any other time, on the ground that he was prosecutor or complainant on the charge made against the defendants, or that he was a witness subpœnaed or bound in recognizance for the prosecution, and no time or place having been given to establish, by competent testimony or otherwise, the challenge or objection allowed by the statute, the indictment is illegal, void and of no effect, and all proceedings thereon are erroneous and irregular.

IV. No offence was committed by the defendant Conklin, the bare delivery, by a clerk, of property sold by his principal, not making such clerk a principal in any misdemeanor arising out of such illegal sale. The defendant Conklin having no interest in the property sold or consumed, nor control over the premises where it was sold and consumed, cannot be implicated as a principal criminal in the offences described in the fourth and fifth counts of the indictment.

*W. Wickham, Jr.* (District Attorney), for defendants in error.

I. The pleas are insufficient, and the demurrer was correctly decided. (*The People* v. *Jewett*, 3 *Wend.*, 314; 6 *id.*, 385; *The People* v. *Hurlbut*, 4 *Denio*, 133.)

II. A clerk who sells liquor under the directions of his employer is equally guilty with the latter of a violation of the statute. All who participate in the commission of a

misdemeanor are principal offenders. ( 1 *Chit. Cr. L.*, 261; *The People* v. *Irwin*, 4 *Denio*, 129.)

III. The district attorney is authorized to issue subpœnas in support of any prosecution. (2 *R. S.*, 729, § 23.)

It is believed that the case requires no argument beyond a statement of it. Whatever may be the practice in other counties, in Suffolk county it has been usual for the district attorney, both the present incumbent and his predecessors in office, to issue subpœnas in advance of the meeting of the grand jury, upon a representation made to him, from a source entitled to belief, that a criminal offence had been committed. The county is large, and grand juries are always desirous of obtaining an early discharge. And if the right assumed does not exist, the prosecution of offences, particularly those of a public nature, will become almost impracticable.

It is supposed that subpœnas are issued " in support of a prosecution," although the prosecution is thereby first instituted.

In this case the main objection is, not that the grand jury found the bill upon insufficient evidence, or that there was any informality in their proceedings, but that the witnesses were compelled to attend before them by process irregularly issued by the district attorney. . It is submitted that this is no answer to the indictment. If the district attorney has transcended his powers, for that there may be some remedy against him, but it cannot be by impeaching a record of the court which is admitted to be true.

Complaints may originate before a grand jury. In all such cases the defendants may not have the same right of challenge as if they had been under recognizance. But in this case it is not alleged that any of the grand jurors were objectionable.

*By the Court*, S. B. STRONG, J. The defendant Conklin set up, as a separate defence, that he was a clerk in the store of French, and not a partner, and that he acted simply as

such clerk and by direction of his principal in the delivery of the articles sold. This is very general, and cannot be considered as an allegation that Conklin sold the liquor in his capacity as clerk, and by the direction of his principal. If, however, that may be fairly implied from what is alleged, it does not constitute a valid defence. Nothing is said indicating compulsion; and he who willingly follows the direction of another in the perpetration of an offence cannot, for that cause, shield himself from responsibility. The law allows of no such excuse, nor should it.

Both defendants plead that there had been no preliminary proceedings against them before a magistrate, pursuant to the provisions of the statute (2 *R. S.*, 706, §§ 2, 13, *and several following sections*). This formed no defence to the indictment, and must be deemed invalid as a plea. If there had been a fatal defect in the proceedings before the indictment was found, the defendants should have presented proof of the facts and moved to quash the indictment. The answer tendered no issue which could be tried by a jury. As, however, the action of the court below, in denying a motion to that effect, could have been reviewed, and the court actually passed upon the question involved, justice to the defendants would seem to call for its consideration by the court.

The provisions in the Revised Statutes, relative to the primary examination of persons accused of crimes, do not purport to limit the right of the people, through their officer, to institute accusations before the grand jury. They relate to charges preferred ordinarily by private individuals before inferior magistrates. In most cases, it is very proper that the persons charged should have a hearing before they are imprisoned or subject to the necessity of finding bail for their appearance. If the defendants are right in their supposition, that no case can be brought before the grand jury unless the magistrate shall commit the accused or put him under a recognizance, the determination of the magistrate to fully discharge him would be conclusive against the public.

If he should grossly err or act from improper motives there would be no remedy. His determination would amount to an acquittal, for there is no provision for a re-investigation, nor could one be had if the previous examination should be invested with the immunities of a trial. It cannot be that the legislature designed that the public should be thus concluded by an informal investigation, and when it is not required that the officer entrusted with the management of criminal proceedings in behalf of the people should be present or have any notice of the proceedings.

The right of the people to commence proceedings for the punishment of crimes, before the grand jury, cannot be taken away by implication. To effect that requires a positive and direct prohibition. That is the general rule, and I can see no reason for departing from it in this important branch of jurisprudence.

There are several statutory provisions which imply that accusations for crime may, in the first instance, be preferred before a grand jury. Courts are required specially to charge grand juries to inquire into all violations of certain statutes. This would be improper and unnecessary if grand juries were limited to the examination of such cases only as had been previously before magistrates and were deemed by them proper for subsequent action. Grand juries are forbidden to disclose the fact of an indictment having been found against any person, for felony, not in actual confinement, until the defendant in such indictment shall have been arrested thereon. (2 *R. S.*, 726. § 30.) There would seem to be no great, if any, necessity for this provision, if grand juries were confined to the examination of cases where the accused were in confinement or under recognizance. It is provided (2 *R. S.*, 725, § 34) that if any offence shall be committed during the sitting of any court of oyer and terminer and court of general sessions, after the grand jury attending such court shall have been discharged, such court may, in its discretion, by an order, to be entered in its minutes, direct the sheriff to sum-

mon another grand jury. But for what purpose, if nothing could be done until the case should undergo a preliminary examination before a magistrate? So, too, the power given to district attorneys, by the act of October 26, 1847, to issue warrants for the arrest of defendants under indictment, would seem to be unnecessary, if such indictment could be found only against prisoners or those who had entered into recognizance to appear in court and not depart without leave.

Upon the whole, I am satisfied that the objection which I have last considered is one of modern agitation, and that, like the generality of such objections, it has no solid foundation.

The judgment should be affirmed.

Judgment affirmed.

---

SUPREME COURT. Tompkins Special Term, April, 1856. Before *Balcom*, Justice.