NEW YORK GENERAL SESSIONS, February, 1863.     *John T. Hoff-man*, Recorder.

### THE PEOPLE *v.* PETER HEFFERNAN.

An indictment will not be quashed on the ground that it was found and pre-sented by the grand jury pending an examination of the same charge before a police magistrate.

MOTION to quash an indictment.    The question involved is fully stated in the opinion of the court.

*S. H. Stuart* and *Charles S. Spencer*, for the prisoner.

*Orlando L. Stewart* (Assistant District Attorney), for the People.

BY THE COURT.    In the case of *The People* v. *Horton* (4 *Park. Cr. R.*, 222), the Superior Court of Buffalo held that a motion to quash an indictment, on the ground that it was found when an examination was pending before a magistrate, was frivolous.

In the case of *The People* v. *Hyler* (2 *Park. Cr. R.*, 566), Judge COWLES, adopting the language of Judge ROBERT H. MORRIS, says : " It cannot be denied that the grand jury have full power to make inquiry and present by indictment all persons charged with crime, and that, too, whether such persons are or are not under arrest and examination before any magistrate of the county."

It is not claimed by the defendant's counsel that the legislature has anywhere expressly prohibited action by the grand jury pending an examination before a magistrate; but it is insisted that the statute providing for such examination contains an implied prohibition.    I am unable so to understand these statutes, and do not believe that the legislature, if it had intended so materially to interfere with the well-established jurisdiction and powers of grand juries, would have failed to express such intention in unmistakable language.

As a general rule of practice, it is, as I have often had occasion to say, better to have an investigation before a magistrate in the first instance, and not to indict while such examination

is pending. But cases may often arise where this rule might, with propriety, be departed from. The grand jury, acting under the obligation of their oaths, must determine, as cases are presented, whether they will or will not act upon them prior to an examination before a magistrate, and while such examination is pending. If it were otherwise, it is plain to see that justice might be often delayed, if not entirely defeated.

I am not informed what reason influenced the grand jury in acting upon this case, while the examination in the police court was incomplete. It is enough for me to know that, in acting, they did not exceed their powers; and I have a right to assume that they did not abuse their discretion.

Defendant's counsel has referred me to the case of *Drury*, where it is claimed that Judge EDMONDS quashed the indictment on the ground that it was found pending an examination. I cannot find that any opinion of the learned judge was ever filed, or that the records show that any such decision was made.

I have also been referred to the case of *Camp* and *Wilkes*, decided in this court when JOHN B. SCOTT was recorder. It is well known that that was the decision of the two lay members of the court, as it was then constituted, and that the recorder did not concur. It has never been considered an authority.

Another consideration in this case is conclusive. Defendant, after his arrest, had given a bond to appear and answer to any indictment which might be found against him. That being done, it was, by law, the duty of the magistrate to return the same, with all other papers, to the clerk of this court within ten days. It is not sufficient to say that this bond was given (as is said to be the common practice) as a matter of convenience, with the understanding that the examination was to proceed as if no bond had been given. The bond, once given, is, of itself, an answer to a motion to quash on the ground that an indictment was found before the examination of the magistrate was, in fact, concluded.

The motion must be denied.