Desmond, J.
Wells B. Van Steenbergh, Jr., after his arrest by State Police was on November 1, 1955 arraigned before a Justice of the Peace upon a charge of murder, first degree. He waived examination (see Code Crim. Pro., § 190) and waived counsel and was committed by the Justice of the Peace to the custody of the Sheriff, to be held to await the action of the Grand Jury. On December 6, 1955 the Grand Jury indicted him for murder, first degree. On January 11, 1956 relator-appellant, attorney for Van Steenbergh and acting for him, brought these two proceedings, one in habeas corpus and the other in prohibition. Shortly stated, the grounds alleged for relief in the two petitions were these: first, that the information upon which the Justice of the Peace acted was insufficient as not containing any copies of any of three alleged confessions, and, second, that the fundamental rights of the prisoner as to representation by counsel were violated by the advice given him by the police to waive counsel and hearing. When these two proceedings (habeas corpus and prohibition) came on for hearing, Special Term dismissed both petitions without taking testimony. The court took the position, which we hold correct, that the validity of the indictment, not otherwise challenged, could not be affected by any defects in the proceedings before the committing magistrate.
We agree with the courts below that there was no necessity or occasion to try the allegations of the petitions. The infringements of right asserted by relator are alleged to have occurred when the case was before the Justice of the Peace. But that magistrate’s proceeding (under Code Crim. Pro., part IV, *261 tit. Ill, ch. VII) was distinct from the Grand Jury’s inquiry. Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing (People v. Hyler, 2 Parker Cr. Rep. 566; French v. People, 3 Parker Cr. Rep. 114; People v. Horton, 4 Parker Cr. Rep. 222; People v. Heffernan, 5 Parker Cr. Rep. 393; People ex rel. Phelps v. Westbrook, 12 Hun 646; People v. Dillon, 197 N. Y. 254, 258; People v. Friedman, 205 N. Y. 161, 164; People v. McCarthy, 250 N. Y. 358, 365; Collins v. Loisel, 262 U. S. 426, 429; People v. Steiger, 154 Misc. 538, 540, 541; see Robbins v. Robbins, 133 N. Y. 597). The expressions in the above-cited authorities are in some instances obiter dicta but taken together they state an old and undoubted rule.
It is probably true that in this instance the Grand Jury did not act on its own initiative in investigating this alleged crime but took up the case because the Justice of the Peace had bound over Van Steenbergh. Nevertheless, the Grand Jury acting within its own powers did not depend for its authority and that authority could not be cut down by any previous magistrate’s hearing. From all this it follows that the allegations of these petitions presented no ground for invalidating the indictment, releasing the prisoner or restraining the trial.
The orders appealed from should be affirmed.
Conway, Ch. J., Dye, Fuld, Fboessel, Van Voorhis and Burke, JJ., concur.
Orders affirmed.