Johh S. Marsh, J.
On October 9, 1961, the Grand Jury of Chautauqua County returned an indictment found October 6, 1961, charging the relator, Leo Joseph Mleczko, with the crime of murder, first degree, alleged to have been committed October 1, 1961.
At the time the indictment was returned, the relator was confined in Brooks Memorial Hospital in the City of Dunkirk, where he was in a serious condition as a consequence of a gunshot wound in the right shoulder and abdomen received October 1, 1961. He was in the hospital from October 1, 1961 until his discharge October 19, 1961, and from October 2, 1961 on, was held under police guard by virtue of a warrant of arrest issued by the City Judge of Dunkirk.
On October 19, 1961, relator was taken into custody by the Sheriff under a bench warrant issued after the indictment was found and subsequently arraigned and assigned counsel in the County Court of Chautauqua County.
In this habeas corpus proceeding relator challenges the validity of the indictment returned against him on the ground that no preliminary examination was ever held and that he was *176 indicted while confined to the hospital, without counsel and not able to prepare a written demand that he be permitted to appear before the Grand Jury considering his case.
Any question as to the validity of relator’s detention prior to the finding of an indictment by the Grand Jury has no relevance in this proceeding which tests the validity of the Grand Jury’s action in returning the indictment herein.
As was stated by Judge Desmond in People ex rel. Hirschberg v. Close (1 N Y 2d 258, 261): “ Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing (People v. Hyler, 2 Parker Cr. Rep. 566; French v. People, 3 Parker Cr. Rep. 114; People v. Horton, 4 Parker Cr. Rep. 222; People v. Heffernan, 5 Parker Cr. Rep. 393; People ex rel. Phelps v. Westbrook, 12 Hun 646; People v. Dillon, 197 N. Y. 254, 258; People v. Friedman, 205 N. Y. 161,164; People v. McCarthy, 250 N. Y. 358, 365; Collins v. Loisel, 262 U. S. 426, 429; People v. Steiger, 154 Misc. 538, 540, 541; see Robbins v. Robbins, 133 N. Y. 597). The expressions in the above-cited authorities are in some instances obiter dicta but taken together they state an old and undoubted rule. ’ ’
The only provision in our law that requires that an opportunity be given a person to appear and testify before a Grand Jury as a prerequisite to finding an indictment against him is found in section 250 of the Code of Criminal Procedure.
The pertinent provisions of that section are as follows:
“1. Except as provided in subdivision two of this section, the grand jury is not bound to hear evidence for the defendant; * * *
“ 2. When any person has reason to believe that a grand jury is investigating a charge that he has committed a crime, such person, may as a matter of right voluntarily file with the foreman of the grand jury and with the district attorney of the county, a request that he be heard in person before such grand jury with reference to such charge; such request shall be personally served on both the foreman of the grand jury and on the district attorney. Before finding an indictment, in case such a request is so filed the grand jury or the district attorney upon the request of the grand jury shall serve in person or shall send by mail to the address given in such request a notice to the effect that such person will be heard by *177 the grand jury at a given time and place and, before finding an indictment, shall hear such person if he appears at the time appointed, and need not hear any witness on his behalf unless the grand jury so desires, and may permit him to testify under oath and give evidence in his own behalf and may cross-examine him if he so testifies.”
In this case no request that he be heard was ever filed by the defendant relator as required to invoke the provisions of section 250 of the Code of Criminal Procedure and no rights therefore accrued to him under that section.
This court has not had called to its attention and knows of no constitutional or statutory requirement that notice of a Grand Jury investigation be given one who is a prospective defendant in such investigation or that such prospective defendant be entitled to counsel and afforded an opportunity to request a hearing before a Grand Jury has power to indict. Our whole legal concept of the function of a Grand Jury is inconsistent with such a requirement, the Grand Jury not being a body engaged in determining the issue of a defendant’s guilt or innocence but rather being an inquisitorial body of citizens charged with the duty under law of conducting its own investigation into all crimes within its jurisdiction, without disclosure of its activities and subject only to the requirement of law relating to the quality and sufficiency of evidence adequate to warrant indictment.
People v. Decker (11 A D 2d 600) and People v. Rosen (74 N. Y. S. 2d 624) cited by relator, are clearly distinguishable on their own peculiar facts from the situation presented in these proceedings. An order may be submitted dismissing the writ herein.