Robert P. Kennedy, J.
Defendant has been charged with criminal possession of a dangerous drug, fifth degree; criminal selling of a dangerous drug, fourth degree; criminal possession of a dangerous drug, fourth degree; and criminal selling of a dangerous drug, third degree, by the Ontario County Grand Jury.
Prior to the return of this indictment, defendant had not been arrested, arraigned in a local criminal court, or held for the action of the Grand Jury in relation to any of the charges embraced in this indictment.
Defendant now moves to dismiss the indictment pursuant to CPL 210.35 (subd. 4) and 190.50 (subd. 5, par. [c]) on the grounds that the District Attorney failed to inform him that a Grand Jury proceeding against him was pending and thus give him the right to appear as a witness. While admitting that under the circumstances herein CPL 190.50 does not require such notification, he maintains that the section is unconstitutional under section 11 of article I of the New York Constitution, and the Fourteenth Amendment to the United States Constitution. He bases his equal protection argument on the provisions of CPL 190.50 (subd. 5) which require notification of grand jury proceedings to persons who have been arraigned in a local criminal court upon an undisposed of felony complaint which is a subject of the prospective or pending grand jury proceedings and not to others whose matters are being considered by the grand jury.
The District Attorney, in his opposing papers, does not respond to this claim at all, maintaining that the section in question requires notification to only a certain class of people, a point admitted in defendant’s application. The only case submitted by the District Attorney (People v. Napoli, 67 Misc 2d 1010), while an excellent explanation of the requirements of CPL 190.50, does not touch on the constitutional issue raised by the defendant.
*664 The law is clear that a State may pass laws applicable only to persons or objects within a designated class. A law which affects the activities of some groups differently from the way it affects the activities of others is not necessarily banned by the Fourteenth Amendment (Kotch v. Board of Riv. Pilot Comrs., 330 U. S. 552). The mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause of the Fourteenth Amendment. One of the essential requirements as to classification, in order that it may not violate the constitutional guarantee as to equal protection of laws, is that the classification must not be capricious or arbitrary, but must be reasonable and natural and must have a rational basis.
It is often stated that a classification must be based on some natural principle of public policy (16 Am. Jur. 2d, Constitutional Law, § 494). At least one aspect of the public policy behind the enactment of the statutory provisions challenged is set forth concisely in the Practice Commentary following this section.
Defendant is in the position of arguing that even though the fact that under the Code of Criminal Procedure there was no constitutional requirement that any defendant be given notification that a grand jury proceeding against him was pending (People ex rel. Mleczko v. McCloskey, 33 Misc 2d 175, affd. 16 A D 2d 878, mot. for lv. to app. den. 11 N Y 2d 648), now that the Legislature has required that notice be given to one class of defendants to obviate an unfair practice, it is unconstitutional not to require notice to all.
This court does not feel that either our State or Federal Constitution places such a straight jacket on the Legislature.
In addition to the reasons set forth in the Practice Commentary for the requirement of notice in the one instance, which this court feels are sufficient in themselves to make the classification constitutional, there are other considerations. A defendant to whom notice is required to be given has been before a court and, presumably, a securing order has been issued. Such is not and cannot be the case when dealing with a person in this defendant’s position.
Finally, a defendant to whom notice is required to be given, having been before a court, in most instances has an attorney, assigned or retained, who can advise him of his Fifth Amendment rights and aid him in deciding whether or not to testify before the Grand Jury. Who is to advise a person in defendant’s position? If he is advised of his rights by the District Attorney, or anyone else for that matter, other than his own attorney, the courts will be then presented with the question as to whether or not he made a knowing and effective waiver of *665 Ms rigMs. There probably are not many of us who would expect an attorney assigned to represent a defendant, who without counsel signed the waiver required under GPL 190.50 (subd. 5, par. [b]), to let it pass without a challenge.
The court finds that the law requiring notification to defendants in one situation and not to others is not capricious or arbitrary ; that it has a reasonable, natural and rational basis and is based on public policy.
For the reasons stated herein, defendant’s motion to dismiss the indictment on constitutional grounds is denied. Since defendant makes no claim that he served notice on the District Attorney requesting that he be allowed to appear before the Grand Jury, Ms motion based on GPL 210.35 (subd. 4) is also denied.