■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTONIO JAMES, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In habeas corpus proceedings, petitioner appeals from two judgments of the Supreme Court, Dutchess County, (1) the first, dated September 28, 1976, granted the application to the extent of directing respondents to furnish him with a statement of the "reasons why incarceration rather than alternatives thereto was appropriate" and (2) the second, dated December 9, 1976, determined that the reasons submitted were adequate. Judgments affirmed, without costs or disbursements. Special Term's dispositions were correct under the circumstances of this case. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN REYNOLDS, Appellant, v LEON J. VINCENT, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Kings County, entered January 8, 1975, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The petitioner was arrested on August 14, 1968 and charged with the crime of assault. Upon the death of the victim, the petitioner was charged with manslaughter. On September 27, 1968 a preliminary hearing was held in the Criminal Court, at which the petitioner was represented by counsel and, at the conclusion of the hearing, petitioner was held for action by the Grand Jury. On November 25, 1968 the Grand Jury indicted petitioner for the crime of murder. Although petitioner knew he was being held for action by the Grand Jury, he was not notified of his right to request that he appear before the Grand Jury and no such request was made. The petitioner was found guilty of the crime of murder after a jury trial and was sentenced to an indeterminate term of imprisonment of from 15 years to life. The judgment of conviction was affirmed, without opinion, by this court and the Court of Appeals *(People v Reynolds,* 31 NY2d 723, affg 38 AD2d 892). It should be noted that the petitioner was represented by counsel at all times. Petitioner, having failed to invoke the provisions of former subdivision 2 of section 250 of the Code of Criminal Procedure, in that he made no request to appear before the Grand Jury, acquired no rights under that section (see *People ex rel. Mleczko v McCloskey,* 33 Misc 2d 175, affd 16 AD2d 878). Petitioner's contention that a Grand Jury may not indict for a crime greater than the crime for which he was being held was considered and found to be without merit by this court and the Court of Appeals on his appeals from the judgment of conviction. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.