Gabrielli, J.
(dissenting). It has always been the law of this State that the Grand Jury has the power to indict regardless of whether a defendant’s preliminary hearing has resulted in a dismissal or whether a preliminary hearing has been held at all (People ex rel. Hirschberg v Close, *322 1 NY2d 258, 261). That body is not bound by what occurred before the Magistrate and it may indict a person when the appropriate evidence before it provides reasonable cause to believe that such person committed an indictable offense (see CPL 190.65, subd 1). Nevertheless, as the majority notes, in Coleman v Alabama (399 US 1) the Supreme Court held that when a preliminary hearing is held the defendant must be accorded the right to counsel. By its holding today, however, the majority goes beyond Coleman and, in effect, creates a per se rule requiring a reversal and a new trial whenever an otherwise valid conviction is preceded by a preindictment preliminary hearing held in the absence of counsel. This position misperceives the dictates of Coleman v Alabama (supra), which requires corrective action only where the denial of counsel at a preindictment hearing results in some prejudice to the defendant. Here, the defendant has failed to assert, let alone establish, the existence of any prejudice arising from the conduct of the preliminary hearing. Hence I would conclude that the failure of the hearing court to adjourn until defendant could appear with counsel was, in the circumstances of this case, mere harmless error and, accordingly, would affirm the order of the Appellate Division upholding defendant’s conviction.
In Coleman, the Supreme Court held that a preindictment preliminary hearing is a “critical stage” of the criminal process at which the accused has a constitutional right to the assistance of counsel. In reaching this result, the court observed that there are several things which may., be accomplished by counsel at the preliminary hearing. Specifically, the court stated that (at p 9): “First, the lawyer’s skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State’s case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnessses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State’s witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation *323 of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail”. Several of these interests may be present in virtually every case. Nevertheless, despite the fact that some of these interests were no doubt abstractly present in the Coleman case, the Supreme Court remanded to the Alabama State courts to determine if the failure to provide counsel at the hearing was mere harmless error. Thus, it is evident that there is no per se rule requiring a new trial when a defendant has been deprived "of counsel at a preliminary hearing. In the present case, however, the majority effectively creates such a rule.
The majority rests its determination that a new trial is necessary primarily on the rationale that defendant was deprived of the opportunity for discovery at the preliminary hearing by the absence of counsel.[1] The preliminary hearing is designed to determine whether there is sufficient evidence to warrant the court in holding him for the action of a Grand Jury (CPL 180.10) and, contrary to the suggestion of the majority, is not a virtual minitrial, since the People need only produce a modicum of evidence sufficient to demonstrate reasonable cause to believe that the defendant committed a felony (CPL 180.60, subd 8).[2] Indeed, the notion that the preliminary hearing is designed to function as a discovery tool is obviated by the fact that the preliminary hearing may be dispensed with entirely if the defendant is first indicted (People ex rel. Hirschberg v Close, supra), and, indeed, even during the pendency of a hearing. As a practical matter, however, observant counsel may gain *324 some discovery advantage from the conduct of the preliminary hearing and, in addition, the Supreme Court has identified the discovery interest as one of the reasons for the right to counsel at the preliminary hearing stage (Coleman v Alabama, 399 US 1, 9, supra). Therefore, if the defendant is in some way prejudiced at trial by the absence of counsel at the preliminary hearing in regard to some discovery interest, a new trial may in fact be warranted. In the present case, however, the defendant does not even mention that he was deprived of any meaningful opportunity for discovery at the preliminary hearing. In fact, defendant merely asserts that counsel is important at a preliminary hearing because it permits defense counsel to observe the demeanor of his client as a witness. Thus, the majority requires that a new trial be held in this case even though defendant has asserted no significant prejudice arising out of the preliminary hearing. Since only defense counsel is in a position to comment on how he may have altered his trial strategy had he been given a meaningful opportunity for discovery at a preliminary hearing, to hold that the failure to provide defendant with this opportunity for discovery resulted in some prejudice, absent some allegations by defendant to this effect, requires an exercise of judicial speculation and, in effect, creates a per se rule requiring a new trial whenever a criminal defendant has been derprived of counsel at a preliminary hearing. Because I believe that the absence of any prejudice on this record indicates that the conduct of the hearing in the absence of counsel was mere harmless error, I must respectfully dissent.
Chief Judge Cooke and Judges Jones and Meyer concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judges Jasen and Wachtler concur.
Order modified and case remitted to Schenectady County Court for a new trial in accordance with the opinion herein and, as so modified, affirmed.

. The defendant, already incarcerated on an unrelated charge, could not have secured release at the preliminary .hearing. In addition, inasmuch as defendant was subsequently indicted, it is clear that there was reasonable cause to believe that defendant had committed a felony and a preliminary hearing would not have resulted in the early screening of unjustifiable charges (see People ex rel. Hirschberg v Close, 1 NY2d 258, supra).

. We would also note that a defendant’s power to subpoena witnesses is not so broad as the majority would suggest. CPL 180.60 (subd 7) merely provides that “[u]pon request of the defendant, the court may, as a matter of discretion, permit him to call and examine other witnesses or to produce other evidence in his behalf”.