Simons, J.
(dissenting). Kevin Magee, appellant here and defendant in the underlying criminal prosecution, stands indicted for the crimes of burglary in the first degree, attempted rape in the first degree, sexual abuse in the first degree and assault in the third degree. After his indictment he moved in County Court for an order directing the District Attorney to conduct a preliminary hearing, asserting that he had been deprived of a substantial right because the District Attorney submitted the charges to the Grand Jury after a preliminary hearing had been scheduled in Town Court but before it had been conducted. Defendant premised his motion on his claim that the District Attorney had intended to use the hearing for an identification show up and that he had reneged on an agreement to proceed in Town Court because defendant had waived his appearance at the preliminary hearing and Town Court had confirmed his right to do so. Respondent County Judge granted the motion, directing the Town Court to conduct the hearing and staying all further proceedings until it was completed. Whether defendant could waive his appearance at a preliminary hearing or whether the District Attorney was seeking to “retaliate” against him for doing so, as defendant claims, is irrelevant. County Court could not confer jurisdiction upon a local court contrary to applicable constitutional and statutory provisions or grant defendant discovery rights where none exist. I would therefore affirm the judgment.
It is familiar law that the extraordinary remedy of prohibition lies only when necessary to prevent a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction (Matter of Schumer v Holtzman, 60 NY2d 46, 51; Matter of Vega v Bell, 47 NY2d 543, 547; Matter of Proskin v County Ct, 30 NY2d 15,18). Although the remedy has usually been limited to cases in which a court acts or threatens to act without jurisdiction, it is equally clear that the writ may'be granted not only to restrain an unwarranted assumption of jurisdiction but also to restrain an inferior court from exceeding its authorized powers in a matter over which it has jurisdiction (Matter of Proskin v County Ct., supra; Matter of Lee v County Ct, 27 NY2d 432, 436-437, cert den 404 US 823; Matter of Hogan v Court of Gen. Sessions, 296 NY 1, 8; People ex rel. Lemon v Supreme Ct., 245 NY 24, 35). *722 Important corollaries to these rules hold that a prohibition court should not exercise its discretion to grant relief, even if jurisdiction is in issue, absent a clear legal right to the remedy (Matter of Schumer v Holtzman, supra; Matter of Vega v Bell, supra; Matter of Dondi v Jones, 40 NY2d 8, 13; Matter of State of New York v King, 36 NY2d 59, 62-63) and that the writ is not available as a collateral means to attack legal error (Matter of State of New York v King, supra; Matter of Roberts v County Ct., 34 NY2d 246, 248).
Inasmuch as the judgment under review enjoins threatened actions of respondent Town Justices only, our inquiry must be directed to the jurisdiction of that court following indictment and, relatedly, to the power of County Court to confer jurisdiction on it to correct what County Court evidently perceived as a denial of defendant’s discovery rights.
The Constitution provides that Town Courts shall have such jurisdiction as the Legislature shall provide except that the Legislature may not grant Town Courts jurisdiction to try felonies prosecuted by indictment (NY Const, art VI, § 17; see, also, id., § 15, subd c; § 16, subd d). Town Courts, along with other local courts, possess “preliminary jurisdiction” over felony charges but that jurisdiction is limited to arraigning defendants on felony complaints, assigning counsel, setting bail and, unless defendant waives the right, to conducting a preliminary hearing (CPL 1.20, subd 25; 10.30, subd 2; 180.10 et seq.). The purpose of the preliminary hearing is to determine if there is sufficient evidence to establish reasonable cause to believe defendant has committed a felony and therefore to warrant holding him for the action of the Grand Jury (CPL 180.10, subd 2; 180.70). If the magistrate determines that reasonable cause does not exist for the charge specified in the felony complaint, he may reduce the charge to one the evidence will support or dismiss the complaint and release defendant from jail or exonerate his bail (CPL 180.30, 180.50, 180.70). Defendant has no constitutional or statutory right to a preliminary hearing, however (United States ex rel. Hughes v Gault, 271 US 142,149; Goldsby v United States, 160 US 70, 73; People ex rel. Hirsehberg v Close, 1 NY2d 258, 261; People v Aaron, 55 AD2d 653, 654; People v Abbatiello, 30 AD2d 11, 12), nor is it a jurisdictional predicate to indictment (see People v Hodge, 53 NY2d 313, 319-320; People ex rel. Hirsehberg v Close, supra). And that is so even when the local court is authorized to make a unique disposition and direct removal of the charges to Family Court for treatment of the defendant as a juvenile offender rather than an adult (Matter of Vega v Bell, 47 NY2d 543, supra; see CPL 180.75). If the District *723 Attorney refuses or neglects to proceed with a hearing contrary to defendant’s wishes, the remedy for that failure is not to dismiss the complaint but to release defendant on his own recognizance (CPL 180.80).
The Grand Jury presentment serves the same purpose as a preliminary hearing before a magistrate; it provides a means to determine reasonable cause (CPL 190.60, 190.65). The District Attorney may proceed initially by indictment or he may supersede the Town Court at any time by submitting the charges to the Grand Jury (see CPL 10.30, subd 2; 190.55, subd 2). The Grand Jury is not bound by anything occurring before the magistrate. It has the power to indict even if there has been a preliminary hearing and regardless of its outcome (see People ex rel. Hirschberg v Close, supra). Once the Grand Jury acts the Town Court is divested of jurisdiction (CPL 180.80, subd 2). The District Attorney has a clear legal right to submit the charges to a Grand Jury and he may do so without filing a felony complaint or before or after a preliminary hearing if a felony complaint is filed.
Defendant does not dispute any of this. Moreover, he acknowledges that a postindictment preliminary hearing serves no purpose except discovery. It is his claim, however, that he is entitled to a hearing for that purpose because once the District Attorney had agreed to a preliminary hearing he could not frustrate defendant’s discovery of the identity of the People’s witnesses and the substance of their testimony by subsequently backing out of the agreement. In support of this claim, he relies on dicta found in People v Hodge (53 NY2d 313, supra) and out-of-State decisions stating the minority rule that a defendant possesses a right to a preliminary hearing for discovery purposes (see, e.g., Ross v Sirica, 380 F2d 557 [DC Cir]; Hawkins v Superior Ct., 22 Cal 3d 584; State v Freeland, 295 Ore 367; but see, e.g., United States v Anderson, 481 F2d 685 [4th Cir]; Coleman v Burnett, All F2d 1187 [DC Cir]; United States v Daras, 462 F2d 1361 [9th Cir]; United States v Milano, 443 F2d 1022 [10th Cir]; United States v Coley, 441 F2d 1299 [5th Cir]; Sciortino v Zampano, 385 F2d 132 [2d Cir]; Dillard v Bomar, 342 F2d 789 [6th Cir]; Vincent v United States, 337 F2d 891 [8th Cir]).
In New York discovery in criminal cases is governed by statute (CPL arts 240, 250) and generally a defendant is not entitled to pretrial disclosure of the identity of a prosecution witness (see CPL 240.20, subd 1; and see, generally, Pitler, NY Criminal Practice under the CPL, Discovery, pp 459-477). In a few exceptional cases we have permitted inquiry by the trial *724 court to determine if certain witnesses’ testimony might be exculpatory and their identity thus discoverable under the rule in Brady v Maryland (373 US 83; see, e.g., People v Andre W), 44 NY2d 179 [eyewitness identification]; People v Goggins, 34 NY2d 163, cert den 419 US 1012 [informant]). Nothing in the statute or in our decisions, however, recognizes a general right in the defendant to discover pretrial not only the identity of the prosecution’s witnesses but also the substance of their testimony or grants a defendant a right to a preliminary hearing for that purpose.
Our decision in People v Hodge (53 NY2d 313, supra) is not to the contrary. In that case, a preindictment preliminary hearing had been held over defendant’s objection in the absence of his counsel. We held that the hearing was a critical stage of the criminal process and that defendant was entitled to the assistance of counsel under the provisions of the Constitution and the Criminal Procedure Law (see CPL 180.10, subd 3). We therefore reversed and ordered a new trial. In an opinion which cited several trial manuals we noted the obvious, that one of the collateral benefits of a preliminary hearing was that it provided an observant defense counsel with a welcome opportunity for discovery. We did not hold, however, that a defendant was entitled to a preliminary hearing so that he could discover the identity of the People’s witnesses and the substance of their testimony. Defendant has no cognizable right to that relief and County Court’s order was in excess of its authority because it lacked power to confer jurisdiction on another court or to provide that relief (see Matter of Proskin v County Ct., 30 NY2d 15, supra).
Finally, it should be noted that the sanction County Court imposed upon the People for noncompliance with its order was not a conditional dismissal which could be corrected on appeal as the majority contend. Rather, County Court checkmated the District Attorney in the performance of his constitutional duty to prosecute crime by staying proceedings on the indictment indefinitely until he complied with its order. Unless the District Attorney may proceed by prohibition, he is left without a remedy.
In short, the District Attorney had a clear legal right to remove the charges from Town Court and submit them to the Grand Jury. Inasmuch as he did so and the Grand Jury indicted, respondent Town Justices lost jurisdiction of the proceeding and are now threatening to act without jurisdiction. Prohibition was not only available under these circumstances, but it was a sound *725 and proper exercise of discretion by the Appellate Division to grant it.
Chief Judge Cooke and Judges Jones, Wachtler and Meyer concur in memorandum; Judge Simons dissents and votes to affirm in an opinion in which Judges Jasen and Kaye concur.
Judgment reversed, etc.