■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GREENE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 25, 1984, convicting him of robbery in the first degree, grand larceny in the third degree, petit larceny and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed

The sole issue raised by the defendant is whether the evidence presented at the felony hearing was sufficient to hold him for the action of the Grand Jury. The defendant's contention is based upon a misconception of the nature and function of a felony hearing *(see,* CPL art 180).

A felony hearing is a preliminary proceeding at which a threshold determination is made, pending a decision by the Grand Jury, as to whether probable cause exists to indict. Once the Grand Jury acts, the determination as to whether reasonable cause exists to hold and prosecute a defendant has been made by the Grand Jury itself in furtherance of its constitutional authority (NY Const, art I, § 6) and the need for a felony hearing is made unnecessary *(see, Matter of Vega v Bell,* 47 NY2d 543, 549-550). What would otherwise be a valid indictment is not tainted by any error which might have occurred at a prior felony hearing, since, " 'the Grand Jury [has] power to investigate and indict regardless of what [has] occurred before the magistrate and regardless of whether the magistrate [has] held or discharged the prisoner or still [has] the matter pending, or of whether there had ever been such a preliminary hearing' " *(Matter of Vega v Bell, supra,* at 549-550, quoting from *People ex rel. Hirschberg v Close,* 1 NY2d 258, 261). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.