## CANTER v. PEOPLE.

June, 1867.

To sustain the plea of *autrefois acquit* as a defense to an indictment, it must appear that the party was "put in jeopardy" by the former trial.

A plea of an alleged acquittal, had "on the ground of variance between the indictment and the proof, the variance being that the proof failed to show" certain facts necessary to establish the offense alleged, is not sufficient, under the provisions of the Revised Statutes, as a bar to a trial and conviction upon a subsequent indictment for the same offense.

John A. Canter, the plaintiff in error, was indicted in the New York general sessions in June, 1865, for that, willfully and feloniously on the 1st of February in that year, he had in his possession a certain forged and counterfeit note commonly called a bank note, issued by the Mechanics' Bank of New Haven, in the State of Connecticut, of the denomination of ten dollars, with intent then and feloniously to utter and pass the same. Upon the arraignment of the prisoner, he interposed a plea of *autrefois acquit*, which set forth an indictment found against him in the same words as the present indictment, for having in his possession a false and counterfeit bank note of the denomination of ten dollars, issued by the Northfield Bank, of the State of Vermont, with like intent to pass the same; that upon said last-mentioned indictment the prisoner was arraigned and pleaded not guilty, and was put upon his trial, and that the jury then and there impanneled rendered their verdict that the prisoner was not guilty, on the ground of a variance between the indictment and the proof. The plea then averred that the offense of forgery in the present indictment, and the said offense in the former indictment, are not diverse or different offences, and the plea then proceeded to show wherein the offense charged in the former indictment was the same offense as that set forth in the present indictment.

20

The material part of the plea was in these words: the jury " found said Canter not guilty, on the ground of a variance between the indictment and the proof, and so said they all, as by the record therof it doth more fully appear; which said judgment still remains in full force and effect, the said variance being that the proof failed to show that the said Canter had the said bank note in his possession with intent to utter and pass as a true bill and note."

" That the said bank note in the said former indictment mentioned, and the said bank note in the present indictment mentioned, were had and held by him, the said Canter, at the same time and place, and under the same circumstances and with the same want of guilty knowledge and criminal intent to injure or defraud; and further, that both these said bank notes were in and constituted a part of the same package and parcel of bank notes, and were found in his possession, and taken from his possession at the same time, on the same occasion, by the same person, and under the same circumstances, and were not held by him at any other or different time or place, nor under any other different circumstances, nor with any other different knowledge, and were not taken from his possession upon any other or different occasions, nor under other or different circumstances, nor by any other or different person."

Wherefore, as the prisoner had already been heretofore aquitted of the offense of forgery aforesaid, he prayed judgment that he be dismissed and discharged from the present indictment.

The district-attorney demurred to the plea, and the prisoner joined in the demurrer. The plea was overruled by the court, and judgment was given thereon for the people; and thereupon the prisoner was arraigned upon said indictment, and pleaded not guilty and demanded a trial.

He was subsequently convicted of forgery in the second degree, and sentenced to be imprisoned in the State prison at hard labor for the term of ten years.

*The supreme court,* upon a writ of error, affirmed the conviction without, however, assigning the grounds of their judgment; and the prisoner brought error to this court. The only ques-

tion was, whether the fact, alleged in the plea and admitted by the demurrer, constituted a legal bar to the second indictment.

*S. H. Stuart*, for the plaintiff in error,—Insisted that since the prisoner could have been convicted on the first indictment by proof of the facts alleged in the second, the acquittal was a bar; citing Turner's Case, *Kel.* 30; Jones *v.* Bever's Case; *Kel.* 52; 1 *Rus.* 831; Rex *v.* Barry, *C. & P.* 836; Reg. *v.* Martin, 8 *Ald. & E.* 482; 1 *Chitty C. Law,* 371; 7 *Cow.* 414; 15 *Johns.* 432; 16 *Id.* 136; 15 *Id.* 229; *Wend.* 557. That possession was an essential element, and was an entire fact, necessarily tried on the first indictment; citing, People *v.* McGowan, 17 *Wend.* 386; People *v.* Ward, 15 *Id.* 231. And that the acquittal was not really on the ground of variance, but simply that the indictment was not proved; citing, Rex *v.* Sheen, 2 *Carr. & P.* 635; People *v.* McGowan, (above).

*A. Oakey Hall*, district-attorney, for the people;—Cited 1 *Whart.* 569, 587; Burns *v.* People, 1 *Park. Cr.* 182; Barrett's Case, 1 *Johns.* 66.

BY THE COURT.—DAVIES, Ch. J.—Assuming, as we may for the purpose of deciding this case, that the offense set forth in the first indictment, and upon which the prisoner was tried and acquitted, was the same offense as that charged in the second indictment, and upon which he has been tried and convicted, it by no means follows, as contended for by the counsel for the prisoner, that such verdict of acquittal forms a bar to the trial upon this indictment.

It is claimed by the plaintiff in error that his arraignment and trial upon this second indictment is an infraction on the 5th Article of the Amendment to the Constitution of the United States, which declares that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb." This provision is a fundamental maxim in criminal jurisprudence. It is derived from the ancient and well-established principles of the common law, was ratified by *magna charta,* and is now firmly established by our national constitu-

tion. When this principle is invoked as a bar to further proceedings in a criminal prosecution, the inquiry arises, has the party in fact been already put in jeopardy for the same offense? To sustain the plea of a former acquittal, it must appear that the party was "put in jeopardy" by the former trial; thus, if the indictment upon which he had already been tried was so defective that no judgment could have been given upon it, it would not at common law constitute a bar. People v. Barrett, 1 *Johns.* 66; *Russ. on Cr.* 836; Burns v. People, 1 *Park. Cr.* 182.

Our Revised Statutes, however, provide that, "When a defendant shall have been acquitted of a criminal charge, upon trial, on the ground of a variance between the indictment and the proof, or upon any exception to the form or substance of the indictment, he may be tried and convicted upon a subsequent indictment for the same offense." 2 *R. S.* 701, § 24. "But where a defendant shall have been acquitted upon trial, on the merits and facts, and not upon any ground stated in the last section, he may plead such acquittal in bar of any subsequent accusation for the same offense, notwithstanding any defect in form or in substance, in the indictment upon which such acquittal was had. *Id.* § 25. But such former acquittal will not be a bar, if the court had no jurisdiction to try the offense (1 *Russ. on Cr.* 836), or if the jury had been discharged without rendering a verdict (Commonwealth v. Bowden, 9 *Mass.* 494; United States v. Perez, 9 *Wheat.* 579), or if there has been a failure of the trial for any other cause. Commonwealth v. Roby, 12 *Pick.* 496.

But the plea in the present case presents the ground of acquittal on the former trial in the very words of section 24, above quoted, viz: on the ground of a variance between the indictment and the proof. We are, therefore, admonished by this clear and explicit declaration of the statute, that an acquittal upon such ground forms no bar to a trial and conviction upon a subsequent indictment for the same offense. This plain provision of the statute law of the State disposes of the plea in bar interposed by the prisoner, and shows it was properly overruled.

It is claimed by the prisoner that both indictments were in

fact for the same offense.    But we deem it unnecessary to pass upon this question.

The judgment should be affirmed.

A majority of the court concurred.

Judgment affirmed.