CHARLOTTE P. ROBBINS, Respondent, *v.* ELIZA T. ROBBINS, Appellant.

In an action for malicious prosecution, in causing the arrest and imprisonment of plaintiff upon a criminal charge, if it appears that the criminal proceeding has terminated favorably to the accused, or without his conviction, so that there can be no further proceeding therein, this is a sufficient determination thereof to enable plaintiff, upon proof of the other requisite facts, to maintain the action; and this, without regard to the reasons which induced the discharge.

Where, therefore, in such an action, it appeared that plaintff was arrested upon a warrant issued by a police justice upon plaintiff's complaint, and that after a hearing thereon she was discharged, *held*, that the effect of the discharge was not obviated by testimony tending to show that the justice was inclined to hold the plaintiff to bail, but upon her representation that she had no friends and could not give bail, and upon her promise not to further molest the defendant, he discharged her.

(Argued April 14, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The following is the opinion in full :

" This is an action for malicious prosecution against the defendant for causing the arrest and imprisonment of the plaintiff upon a criminal charge.

" It cannot well be disputed that the evidence given by the plaintiff as to want of probable cause and malice in instituting the criminal proceeding by the defendant was conflicting, and was, therefore, properly submitted to the jury. The only serious question is whether the criminal proceeding was sufficiently terminated to enable the plaintiff to maintain this action. Upon that question there was a difference of opinion in the court below. .

" The plaintiff was arrested in the city of New York upon a warrant issued by a police justice, and after being detained over night at the station-house, she was taken before the police justice, and it is undisputed that after hearing the evidence adduced against her he finally discharged her, and if that were all it is entirely clear that there was such a termination of the criminal proceeding as enabled her to maintain this action. It is, however, claimed on the part of the defendant that the evidence shows that the police justice was inclined to hold the plaintiff to bail, but that upon her representation that she had no friends and could not give bail, and upon her promise not to further molest the complainant, he discharged her, and the defendant contends that a discharge under such circumstances is not sufficient to authorize the maintenance of this action. While there is a vast preponderance of evidence that the discharge was made under the circumstances mentioned, yet we think that there was some evidence tending to show that the discharge by the police justice was made because he did not find sufficient evidence to hold the plaintiff. There is some oral evidence to that effect, and the police justice indorsed upon the warrant and papers annexed thereto, ' discharged on examination.' The trial of this action took place about four

years after the discharge, and the memory of the police justice was evidently imperfect and uncertain as to what took place at the time of the discharge. Upon the whole evidence, whether the discharge was absolute and made after an examination into the case by the police justice, as claimed by the plaintiff, or whether it was due to favor to her because she could not get bail, and upon her promise of good behavior, was a question of fact for the jury.

"But we think this judgment would have to be affirmed even if we assumed that the facts were precisely as claimed by the defendant, to wit: that after the examanination of the plaintiff the police justice was inclined to hold her to bail, but finally discharged her on her promise of good behavior in the future. Nevertheless the criminal proceeding was terminated. The rule requiring that before an action for malicious prosecution can be maintained the plaintiff is bound to show a termination of the criminal proceeding, has for its foundation, that it cannot be known that the prosecution was unjust or unfounded until it is terminated, and if the action for malicious prosecution were allowed to be maintained before the termination of the criminal proceeding, the plaintiff might be found guilty in that proceeding and yet maintain her action for malicious prosecution on the ground that she was not guilty, and that the defendant had no probable cause to believe her guilty; and thus there might be two conflicting determinations as to the same transaction. The law so far encourages criminal complaints as to protect the complainant against a civil action for damages in case the criminal proceeding fairly conducted results in the conviction of the person charged with crime. Such conviction fairly obtained, without fraud or conspiracy, is held to be conclusive evidence of probable cause. But where the criminal proceeding is terminated favorably to the accused or without his conviction, so that there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense, without the commencement of a new proceeding, then there has been a sufficient termination thereof to enable him, proving the other requisite facts, to maintain an action for malicious prosecution. It cannot in reason make any difference how the criminal prose-

cution is terminated, provided it is terminated, and at an end. Take a case like this: A poor and helpless woman is arrested and the police justice informs her before he makes his final decision that he is inclined to hold her to bail, and she being friendless and unable to furnish bail, promises good behavior in the future if he will discharge her, and then he enters a discharge. What reason can there be for holding in such a case, if she can show that the criminal proceeding was instituted maliciously and without probable cause, that she may not maintain her action for malicious prosecution? The circumstances under which she was discharged may furnish competent evidence upon the issue of probable cause and malice, and on the question of damages. But proof that the discharge was made under such circumstances cannot upon principle furnish an absolute bar to the action. The motive of the judge or justice in making the discharge is wholly immaterial. The real foundation of the action is the malicious prosecution without probable cause, and the termination of the criminal proceeding is a mere technical matter in no way concerning the merits of the action and is a mere condition precedent to its maintenance. Therefore, any termination such as we have above mentioned, as a general rule, furnishes the condition precedent.

"These views, we think, are amply sustained by the authorities found in the brief of respondent's counsel.

"The judgment should be affirmed, with costs."

*Norman A. Lawlor* for appellant.

*Alfred A. Gardner* for respondent.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.