(36 Misc. Rep. 402.)

McNULTY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County. November, 1901.)

STREET RAILROADS—CONTINUOUS PASSAGE.
Laws 1884, c. 252, relating to street railroads, which provides that no company operating a railroad under the act shall charge any passenger more than five cents for a continuous ride on its road, or any branch operated by it or under its control, within the limits of any city or village, does not apply to a road which such corporation had leased from a steam railroad which was not incorporated under the act.

Action by Peter H. McNulty against the Brooklyn Heights Railroad Company. Judgment for defendant.

Stephen C. Baldwin, for plaintiff.
Charles A. Collin, for defendant.

GAYNOR, J. This is a suit to restrain the defendant from exacting and collecting of the plaintiff more than one fare, viz., of 5 cents, for one continuous ride in the borough of Brooklyn, city of New York, over its road and certain connecting roads operated by it.

The defendant was incorporated under the street surface railroad act of 1884, c. 252, and derives its corporate powers therefrom. Section 13 thereof provides (so far as is here applicable) as follows:

"No company or corporation incorporated under, or constructing and operating a railroad under the provisions of this act, shall charge any passenger more than five cents for one continuous ride from any point on its road or on any road or line or branch operated by it or under its control to any other point thereon or on any connecting branch thereof within the limits of any incorporated city or village."

This enactment is retained in section 101 of the revision or codification of our railroad laws known as the Railroad Law (Laws 1890, c. 565; Laws 1892, c. 676).

In the most precise and comprehensive words this provision prohibits any street surface railroad company incorporated under the said statute from charging a passenger more than 5 cents for one continuous ride from any point on its road, "or on any road or line or branch operated by it or under its control", to any other point on such road or its said connecting roads, lines or branches, within the limits of an incorporated village or city. It does not seem to me to leave anything open to debate or the construction of courts. Rules of construction cannot be resorted to to do away with plain words in a statute. Such rules can be summoned to the aid of courts only when the words and meaning are not plain. The plain words and meaning of this statute are that street surface railroad companies organized under it shall charge only one fare not merely over the roads constructed by it under its own franchise, but over such roads and all connecting roads "operated by it or under its control." Such railroad companies when organized have the power to build roads of their own, and also to acquire roads by lease. The said statute provision for a continuous fare applies in express words no more to the former than to the latter. If such a company being authorized to charge a fare of only 5 cents over its road

for a continuous ride, should extend its road by acquiring the track of another railroad corporation having the right to charge a fare of say 10 cents, it would not and could not thereby acquire the right of the latter company to charge such 10 cents. The statute stands in the way of its doing so. By force of the statute, and the powers the company derives therefrom (and it derives none from any other source), it could charge a fare of only 5 cents for a continuous ride over its own road and such extension.

But it is claimed that the said statute provision does not apply to routes or roads leased from steam railroad companies, and the several extensions of this defendant's road over which it refuses to carry passengers in a continuous ride for one fare are leased by it from steam railroad companies. The routes or roads so leased are incorporated into the defendant's system, and its cars are run in continuous trips over them and other routes of the defendant of which they are continuations. And of course it will be understood without saying it that, as must necessarily be the case in cities and villages, they cross streets, and they take on and let off passengers at the crossings. Indeed, one of them runs along the middle of a street. It is claimed that the defendant may charge any fare it pleases over such leased routes, not to exceed the 3 cents a mile which the steam railroad companies which formerly operated them had the right to charge. I am not for the moment able to see how this can be so, for the said statute provision establishes a 5 cent fare for this company over its road and "any road or line or branch operated by it or under its control", without an limitation whatever in respect of how or from whom it acquires such extension or branch, or gets it under its control. Does it make a difference that instead of purchasing or leasing strips of land from private owners for rights of way, and constructing roads thereon, it leases strips of land from obsolete steam railroad corporations for the same use? But I am not permitted to examine the question, for it is already authoritatively settled so far as this court is concerned by the decision of the appellate division in Barnett v. Railroad Co., 53 App. Div. 432, 65 N. Y. Supp. 1068, which precisely holds that the said statute provision does not apply to the routes so acquired from steam railroad companies. The fact that the strip for a right of way is acquired from a steam railroad company, instead of from other owners, makes a difference which takes the case out of the statute, according to that case. It is urged upon me that the decision in the Barnett Case resulted from certain oversights from lack of argument at the bar, the case being a submitted one, and not an appeal from this court; and also that the submitted case bears evidence of huggermugger between the parties to it; but I am not permitted to go into such an examination, but must accept the decision and follow it. The learned and able judge who wrote the opinion seems to have thoroughly understood the case, however it was presented.

Judgment for the defendant without costs.