## COURT OF APPEALS.
### January 11, 1910.

## THE PEOPLE v. JAMES DILLON.

### (197 N. Y. 254.)

·COURT OF SPECIAL SESSIONS—DISCHARGE BY EXAMINING MAGISTRATE—
SUBSEQUENT PROSECUTION FOR SAME OFFENSE.

A prosecution is terminated by the discharge of a defendant by an
examining magistrate, but such a discharge does not bar a subsequent
prosecution for the same offense. The defendant cannot, however, be
tried therefor by a Court of Special Sessions, except in case where a
complaint has been made and he has been held before another magis-
trate. In the city of New York the offender may thereafter be prose-
cuted by indictment.

People v. Dillon, 128 App. Div. 926, reversed.

APPEAL from an order of the Appellate Division of the Su-
preme Court in the first judicial department, entered Novem-
ber 8, 1908, which affirmed a judgment of the Court of Special
Sessions of the city of New York, convicting the defendant of
a violation of the Liquor Tax Law.

On the 27th day of October, 1907, James Dillon, the defend-
ant, was arrested, and on the next day he was arraigned before
one of the magistrates of the city of New York and was charged
by a complainant, in writing, upon oath, with having sold li-
quor on Sunday in violation of the Liquor Tax Law. A pre-
liminary examination then took place before the magistrate and
at the conclusion thereof the defendant was discharged. Subse-
quently and on the 6th day of November thereafter, upon infor-
mation filed by the district attorney of the county of New York,
based upon the information filed with the magistrate upon the
arrest of the defendant, an order of the Court of Special Ses-

sions was entered that a bench warrant issue for the arrest of
the defendant, and subsequently, upon his being arrested, he
was brought to trial upon the information so filed and upon
that trial was convicted of the offense charged and fined the sum
of ten dollars.  Upon the case being called for trial the defend-
ant's counsel moved for his discharge upon the ground that the
Court of Special Sessions was without jurisdiction to hear,
try and determine the charge made therein, for the reason that
it affirmatively appears from the record that the defendant was
arraigned upon the identical charge before the magistrate and
after examination was discharged; that the discharge was abso-
lute and final and that he cannot again be prosecuted for that
offense except by indictment.  The court denied the motion
and the defendant excepted.  The same motion was renewed
at the close of the evidence and in arrest of judgment, with like
rulings and exceptions.

*P. A. McManus* for appellant.  The Court of Special Ses-
sions never acquired jurisdiction in this action.  (Code Civ.
Pro. §§ 221, 743; *People v. Spier,* 120 App. Div. 786; *People
v. Paillion,* 78 Hun, 74; *People v. Tuthill,* 79 App. Div. 24;
*People v. Robertson,* 3 Wheeler Cr. Cas. 180).

*William Travers Jerome, District Attorney (Robert S. John-
stone* of counsel), for respondent.  The district attorney had
the right to file an information against the defendant even
though the defendant had been discharged in the Magistrate's
Court at the conclusion of the preliminary examination.  (*Peo-
ple v. Zabor,* 44 Misc. Rep. 633; Code Cr. Pro. §§ 221, 741-
743; 1 Bishop's New Cr. Pro. [4th ed.] § 144; 10 Ency. of
Pl. & Pr. 449; Beale's Crim. Pl. & Pr. §§ 8-10; *State v. Kyle,*
166 Mo. 287; *People v. Levy,* 24 Misc. Rep. 469; *People v.
Butts,* 121 App. Div. 226; *People v. Spier,* 120 App. Div.
786; *People ex rel. Burns v. Flaherty,* 119 App. Div. 462).

CULLEN, Ch. J.:

I do not see that any constitutional question is involved in this case, as undoubtedly the discharge by a magistrate on a preliminary examination is not such an adjudication in defendant's favor that bars a subsequent prosecution for the offense. But as the only right of the district attorney to file an information against the appellant and prosecute it in the Court of Special Sessions (the appellant having been discharged by the magistrate) is based on section 743 of the Code of Criminal Procedure, as amended in 1904, the question is whether that section applies only to cases where the defendant has been held for trial in the Court of Special Sessions, or also includes those where the defendant has been discharged. I think it perfectly clear from sub-division 2 of the section that it is only applicable to the first class of cases. By that sub-division the district attorney, unless he files an information, is required to move for a dismissal of the prosecution of the action. It is well-settled law that a prosecution is terminated by the discharge of an examining magistrate. (*Robbins v. Robbins,* 133 N. Y. 597). Yet, if the construction of the statute that has been adopted below is to prevail, the district attorney is required to move for the dismissal of the prosecution which, as a matter of law, is already terminated. The application of the case cited to the point here stated is not that the discharge of the magistrate bars a subsequent prosecution for the offense with which a defendant is charged, for, of course, it has no such effect, but it does show that that particular prosecution is terminated and a dismissal by the district attorney under the section of the new statute would have no greater effect than the discharge by the magistrate. It would not bar a subsequent prosecution. But still more absurd results from the construction below remain. If he moves to dismiss the prosecution the district attorney must file with the clerk a written statement of his reasons for

failing to prosecute. If the presumption is to prevail that the
action of a magistrate in discharging a person against whom a
criminal complaint is made is erroneous—and the construction
referred to necessarily imports such a presumption—what is
the sense of having examining magistrates or proceedings be-
fore them? Why not abolish the magistrates and save the ex-
pense incurred, both by the parties and the public? Construed
as limited to the cases of persons held for trial the statute is
reasonable and appropriate. An information is required so
that the charge to be tried in the Court of Special Sessions may
have a definite form and shape. While if the district attorney
fails to prosecute in that court a person who has been held to
await trial therein by the examining magistrate he must give
his reasons for abandoning the prosecution, and in analogy to
application to *nolle* an indictment, apply to the court for a dis-
missal and termination of the prosecution. But to require the
district attorney to file in the Court of Special Sessions the rea-
sons why he does not prosecute each of the thousand or more
petty cases in which the defendant has been discharged by the
magistrate seems to me unreasonable. I am clear the legis-
lature never intended anything of the kind.

It is said to be unreasonable to charge the legislature with
the intent to deprive the district attorney of the power of
prosecuting persons charged with a crime on being satisfied
they had been improperly discharged by the magistrate, and it
is suggested that the right which the district attorney has to re-
new the complaint before another magistrate, which he could
undoubtedly do (Bishop's Crim. Law, vol. 1, § 114; *Ex parte
Fenton*, 77 Cal. 183; *Gaffney v. Aldrich*, 85 Mich. 138; *Mars-
ton v. Jenness*, 11 N. H. 156; *Commonwealth v. Sullivan*, 156
Mass. 487), would be inadequate or inconvenient. Neverthe-
less it is the only method that has obtained in this State ever
since its organization and that still exists in all of the rest of

the States for bringing an offender for trial in the Court of Special Sessions. Before the amendment of the Constitution in 1869 and the statutes passed in pursuance thereof giving Courts of Special Sessions exclusive jurisdiction to try certain specified misdemeanors, all offenses might be prosecuted by indictment and, as already said, discharge by an examining magistrate would be no bar to such a prosecution. But now under the statutes of the character named offenses of which the Court of Special Sessions has exclusive jurisdiction cannot be prosecuted by indictment unless on the application of the defendant the charge against him has been removed to the higher courts. (*People v. Knatt,* 156 N. Y. 302; 13 N. Y. Crim. 92). This rule obtains throughout the State except in the city of New York. Therefore, the only method that the district attorney now has, or for years has had, to prosecute petty offenders in any court is the one which is now said, for the first time, to be inadequate. In New York, however, the prosecuting officer is more fortunate. Under section 1409 of the charter he may prosecute any offense by indictment. (*People v. McCarthy,* 168 N. Y. 549). Hence, if there has been any miscarriage of justice by the discharge of a prisoner by a magistrate he may be indicted for the offense charged against him.

Curiously enough this provision for requiring the dismissal by the court of a charge from which a defendant has already been discharged by the magistrate is asserted to be similar to the requirement of the consent of the court to the *nolle* of an indictment. I cannot imagine any case where the analogy is more completely the reverse. An analogous provision would be a law requiring the district attorney to file with the court his reasons for not submitting to a new grand jury every charge which a previous grand jury had ignored, and requiring the order of the court giving permission for such course. The law on the subject is the exact reverse, for when one grand jury

has dismissed a bill it cannot be presented to another grand jury without the leave of the court. (Code Crim. Pro. § 270). The presumption of the innocence of a person charged with a criminal offense has been the immemorial principle of the common law and still is it specially declared in the Code of Criminal Procedure. (§ 389). But it seems that in the city of New York a contrary presumption of guilt is to obtain, a presumption which a discharge by the magistrate does not sufficiently rebut to save the defendant from further prosecution, unless also the district attorney states affirmative reasons why he should not be prosecuted.

It is quite possible that in this case the magistrate erred and that the appellant was guilty of the charge made against him. The remedy, however, of the prosecuting officer is very simple. The defendant can be prosecuted by indictment even now. But we are dealing not with the guilt or innocence of the appellant, but with the construction of the statute declaring a principle applicable to thousands of cases.

The judgment of conviction should be reversed and appellant discharged.


HAIGHT, J. (dissenting) :

Under the Code of Criminal Procedure, when a defendant is brought before a magistrate upon an arrest either with or without a warrant, charged with having committed a crime, it is the duty of the magistrate to inform him of the charge and of his right to the aid of counsel, and to give him reasonable opportunity to procure the same. It then is the duty of the magistrate to proceed and examine the case and after hearing the proofs and the statement of the defendant, if he wishes to make one, and it appears to the magistrate that no crime has been committed or that there is no sufficient cause to believe the defendant guilty thereof, the magistrate may make an order dis-

charging him by an indorsement to that effect upon the depositions taken. If, however, it appears from the examination that a crime has been committed and there is sufficient cause to believe the defendant guilty thereof, the magistrate is required to make an order holding him for trial by an indorsement upon the depositions taken by him. If the case is bailable and bail is offered, he is then authorized to admit to bail; otherwise to commit for trial. Under the Revised Statutes Courts of Special Sessions were given jurisdiction to try misdemeanors, but the right of election on the part of the accused to waive examination and to await the intervention of a grand jury existed, thus enabling him, if indicted, to be tried either in a Court of Oyer and Terminer or Court of Sessions. The Code of Criminal Procedure has modified this practice to some extent, by giving to Courts of Special Sessions in the first instance exclusive jurisdiction to hear and determine certain charges specified as misdemeanors. In the city of New York such exclusive jurisdiction is given to the Court of Special Sessions of all misdemeanors except charges of libel; except, however, where a grand jury, before trial, shall present an indictment against the person for the same offense or a justice of the Supreme Court, the recorder, or county judge, in their respective jurisdictions shall certify that it is reasonable that such charge shall be prosecuted by indictment. (Greater New York charter, § 1409).

Section 221 of the Code of Criminal Procedure provides that:

" Whenever a magistrate has discharged a defendant, or has held him to answer, as provided in sections two hundred and seven and two hundred and eight, he must, within five days thereafter, return to the clerk of the Supreme Court or County Court, or other court having power to inquire into the offenses by the intervention of a grand jury, the warrant, if any, the

depositions, the statement of the defendant, if he have made one, and all undertakings of bail, or for the appearance of witnesses, taken by him. In the city of New York such return shall be made, in the case of all misdemeanors, except charges of libel, to the district attorney of the county wherein the offense charged was committed. Except in a county containing or wholly contained in a city of the first class, any such magistrate, within five days after so discharging or holding a defendant, must also return to the district attorney of the county a statement of the name and address of the defendant, the crime charged, the name and address of the informant, and the names and addresses of all of the witnesses subpœnaed or sworn upon the examination, or who have made depositions in support of the information."

Section 742 provides that " all criminal actions in the Courts of Special Sessions of the city of New York . . . must be prosecuted by information made by the district attorney," prescribing the form, and then section 743 provides that

" The district attorney of a county within the city of New York, on the receipt by him of the papers in a criminal action, returned to him by a magistrate as provided by section two hundred and twenty-one hereof, shall either make and file with the clerk of the Court of Special Sessions an information against the defendant in such action, as provided in the last preceding section, or, move in said court for the dismissal of the prosecution of the action. This duty, unless the time prescribed therefor be extended by the court, shall be performed in manner following:

" 1. Where a defendant is in custody the information shall be filed not later than the day following the receipt by the district attorney of the magistrate's return, and in all other cases within ten days thereafter.

" 2. In all actions where return has been made to the district

18

attorney as required by section two hundred and twenty-one of this code, and he has failed to make and file an information as provided in sub-division one of this section, he shall, within thirty days after such return, move for the dismissal of the prosecution of such action, filing with the clerk of the court a statement in writing of his reasons for making such motion.

" 3. The district attorney shall file with the clerk of the court all papers returned to him under the provisions of section two hundred and twenty-one of this code, those upon which information are based with the informations and all others when he moves to dismiss the prosecution of the action in which they were taken."

It will thus be observed that the magistrate who took the preliminary examination had no power to hear, try and determine the guilt or innocence of a person charged with crime. His jurisdiction is limited to a preliminary examination for the purpose of determining whether the person charged should be held for trial. If the evidence produced before him did not satisfy him that a crime had been committed or if there was no sufficient cause to believe the defendant guilty then he was authorized to discharge him, but if it appeared that a crime had been committed and there was sufficient cause to believe the defendant guilty, then it was his duty to hold him for trial. The discharge, however, is not an acquittal of the crime charged, for there has been no trial. It is not, therefore, putting the person charged in jeopardy within the provisions of the Constitution. (Const. art. 1, § 6). The accused may, therefore, be rearrested or indicted by a grand jury in cases where the grand jury has jurisdiction to do so. (*Canter v. People,* 1 Abb. Ct. App. Dec. 305; Bishop on Criminal Law, § 1014 and authorities there cited). The case of *Robbins v. Robbins* (133 N. Y. 597), has no bearing upon the question. That action was for malicious prosecution and the question

raised was as to whether a discharge by a police justice was a sufficient termination of the proceeding in order to enable the plaintiff to maintain the action.   It was finally held that the action for malicious prosecution could be brought, but the circumstances under which the discharge was made may furnish competent evidence upon the issue of probable cause and malice and bear upon the question of damages, but that a discharge under a promise of good behavior in the future did not furnish an absolute bar to the action.

In this case, however, the exclusive jurisdiction in the first instance to hear, try and determine has been given to the Court of Special Sessions, and no indictment had been found, or certificate of a judge obtained before trial, to the effect that the case should be prosecuted by indictment.   It follows, therefore, that the Court of Special Sessions still retained jurisdiction of the case.

It will be observed that under the provisions of section 221 that the magistrate is required to return to the district attorney of the county of New York all the depositions taken and statements made by the defendant, if any, and giving the name and address of the defendant, the crime charged, the names and address of the informant and the names and addresses of all witnesses subpœnaed or sworn upon the examination, or who have made depositions in support of the information, within five days, in every case whether he had discharged or held the defendant.   Then, under the provisions of section 743, it became the duty of the district attorney of the county of New York, on the receipt of such papers from the magistrate, to make and file with the clerk of the Court of Special Sessions an information against the defendant in such action, or to move in that court for the dismissal of the prosecution.   If the defendant is in custody, the information shall be filed not later than the day following the receipt by the district attorney of the

magistrate's return, and in all other cases within ten days thereafter. Within thirty days thereafter he is required to file with the clerk of the court all papers returned to him by the magistrate, together with a statement in writing giving his reasons for the dismissals of the cases in which he had not filed an information. It is contended that the provisions of this section do not give to the district attorney the right to file an information against a person discharged by the magistrate; that the provision requiring him to move for a dismissal of the prosecution in case he does not see fit to file an information is unreasonable and absurd in cases where the person charged had already been discharged by the magistrate. It may be conceded that the wording of this section is not as clear and specific as it might have been made, but it appears to me that the legislative intent is quite apparent. No question has arisen in regard to the intent with reference to section 221 in which the magistrate is required to return the deposition taken, both in cases where he has discharged, as well as in those which he has held the person charged. The purpose of this was evidently to enable the district attorney to review the depositions and determine whether there should be further prosecution or not. The language of section 743 in express terms refers to the papers returned by the magistrate as provided in section 221. This, of necessity, includes the depositions in cases where the magistrate has discharged the accused upon the preliminary examination. The district attorney then is authorized to file an information against the defendant. No limitations are here made to those defendants who were held, but all are included, those discharged as well as those held. It is true that the section then provides that, as to those that the district attorney has not filed information against, he shall move for the dismissal of the prosecution. Some of those held by the committing magistrate may be under committment; others may be on bail. If the

district attorney reaches the conclusion that the evidence is insufficient to warrant their further prosecution they are entitled to their discharge in order that they may be released from jail or have the sureties upon their undertakings released. The provision criticised as absurd is that requiring the district attorney to move for a dismissal in the cases in which the magistrate had already discharged the defendant; but it would be much more unreasonable to charge the legislature with the intent to deprive the district attorney of the power to prosecute persons charged with crime upon becoming satisfied that they were guilty when they had been improperly discharged by the magistrate. It is suggested that the district attorney might go to another magistrate and have the accused re-arrested and re-examined and then held for trial; but this necessitates one magistrate of co-ordinate jurisdiction overruling another in the same case and upon the same question, and would impute to the legislature an intent which would be much more unreasonable than that of requiring the district attorney to move for a dismissal in all cases in which he had decided not to file an information for further prosecution. But it appears to me that the statute is wise and just. The discharge by the magistrate upon the preliminary examination is not a final determination of the charge that a crime had been committed by the accused. He is still liable to be re-arrested or indicted. Section 221, above referred to, requires the magistrate to file with the district attorney the depositions taken before him. For what purpose? Manifestly, to enable the district attorney to determine whether further prosecution should follow. In the meantime, the person accused must remain in suspense awaiting the determination of the district attorney, and when he finds the evidence insufficient, then the accused is entitled to be relieved and finally discharged by a court that has jurisdiction to try and determine his innocence.

It is also urged that the statute is unreasonable in requiring the depositions in each case to be filed in the office of the clerk of the court with the reasons of the district attorney for not prosecuting. The practice requiring reasons to be given is but that which has always been in force where the district attorney seeks to enter a *nolle prosequi* upon an indictment found. He must apply to the court and give his reasons for not wishing to prosecute. The provisions of this statute not only advise the public, but the complainant of the reasons of the district attorney for failing to prosecute the charge. The filing of the papers has a two-fold purpose. It preserves the record in each case, becoming a protection to the parties charged, and also becomes record evidence upon which the board of supervisors or other auditing officers determines the amount of fees that the magistrates are entitled to in counties in which they are not given a fixed salary.

My conclusion is that the Court of Special Sessions had jurisdiction. The provision of the Code under consideration has been in force for a number of years, and doubtless many persons have been convicted thereunder, some of whom may still be in prison. The question here presented does not appear to have been raised before in any reported case to which attention has been called. To now hold that the provisions of that section should be limited to the cases in which accused persons had been held for trial would seriously impair the power of the district attorney to bring to trial those whom the magistrate on preliminary examination had improperly discharged.

The judgment and conviction should be affirmed.

Edward T. Bartlett, Willard Bartlett and Hiscock, JJ., concur with Cullen, Ch. J.; Gray and Chase, JJ., concur with Haight, J.

Judgment of conviction reversed, etc.