THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of MOSES SHEINBERG, *v.* SAM STEURNTHAL, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, First District, January 10, 1935.

Complainant in person.

*Abraham Sher,* for the defendant.

AURELIO, City Magistrate. Complainant bet twenty-one dollars against the defendant's fifteen dollars on a prize fight. Complainant won the bet and the defendant welshed; he not only failed to pay the bet but also refused to return the twenty-one dollars which he had received from the complainant for the bet. The defendant

claims he returned the money, and also argues that the facts do not constitute a crime.

It is quite evident that when a person receives money to await the result of a bet he becomes a stakeholder and as such he does not get title to the money unless he wins the bet. In the event that the stakeholder loses the bet, his failure to at least return the money that was deposited with him may constitute a common-law larceny or embezzlement, depending upon the facts in the case. If the stakeholder fraudulently obtains possession of the money with the intention at the time he receives it to convert it to his own use, and the person parting with it intends to part with his possession merely and not with his title to the money, the offense is a common-law larceny. On the other hand, if the stakeholder honestly receives the possession of the money to await the result of the bet, and, after receiving the money, fraudulently converts it to his own use, he may be guilty of the crime of embezzlement, which also is larceny under our statute (Penal Law, § 1290). (See *People* v. *Miller*, 169 N. Y. 339; *Loomis* v. *People*, 67 id. 322; *Commonwealth* v. *Barry*, 124 Mass. 325.)

A case in point is *Reg.* v. *Buckmaster* (16 Cox C: C. 339), wherein a conviction for a common-law larceny was sustained on the identical facts. The court held: " For, although the owner of the money voluntarily parted with its possession, the property in the money did not pass, he only having handed it over on the assumption that the transaction was a *bona fide* bet, and never having intended to part with the property in it, except in the case of his losing the bet."

It is further contended that since a bet on a prize fight is a misdemeanor under section 1712 of the Penal Law, and betting in general is made unlawful under section 991 of the Penal Law, the complainant has no standing in this court, and that his only remedy is a civil action under section 994 of the Penal Law.

Illegality of purpose in the course of which property is stolen is no bar to a prosecution for larceny. Section 1290 of the Penal Law " has in it a provision that, in a criminal transaction, if a larceny is committed it shall not be a defense that the owner whose property was taken was a party to an illegal purpose, in the course of which his property was taken." (*Tench* v. *Lawson*, 225 App. Div. 198.)

Defendant also claims former jeopardy. The case was heard by another magistrate on a summons and dismissed. The complainant claims it was dismissed because he was not ready. Whatever the reason for the dismissal, a hearing before a magistrate is not a prosecution. It is an inquiry. (*People ex rel. Pringle*

v. *Conway*, 121 Misc. 620.) Nor is a discharge thereon a bar to a renewal or a subsequent indictment. (*People* v. *Dillon*, 197 N. Y. 254.)

In my opinion a question of fact is presented for the Court of Special Sessions to pass upon; therefore, the defendant is held to await the action of that court.