THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. BEN SCHARER, Defendant.

City Magistrate's Court of New York, War Emergency Court, Borough of Brooklyn, June 28, 1945.*

*John D. Masterton, Regional Litigation Attorney, Office of Price Administration (Isaac D. Sorgen and Phillip Gootenberg of counsel), for plaintiff.*

*Leon A. Cohen for defendant.*

*Frank S. Hogan, District Attorney (Milton H. Spiero and Richard Denzer of counsel), and Ignatius M. Wilkinson, Corporation Counsel (Joseph Entel of counsel), amici curiæ.*

MAHONEY, M. The defendant is charged with a violation of the War Emergency Act of the State of New York (L. 1942, ch. 445, as amd.).

As the trial of this case was commenced by administering the oath to the People's witness, an investigator of the Office of

* By stipulation this decision was rendered at the Bowery and Gamblers' Court, Borough of Manhattan, City of New York, on July 25, 1945.

Price Administration, a United States Government agency, the defendant objected to the prosecution of the case in the name of the People of the State of New York by an attorney from the Office of Price Administration.

The substance of the objection is: That the law provides that only a District Attorney, an Attorney-General of the State, and the Corporation Counsel of the City of New York are constitutional prosecutors; that the Office of Price Administration attorneys have not taken the oath of public officials as required by the Constitution of the State of New York and other laws; that these attorneys are not even Federal prosecutors; and that to permit the prosecution of the defendant in the name of the People of the State of New York by other than the legally designated prosecutors is an invasion of his rights under the due process clause of the State and Federal Constitutions. (N. Y. Const., art. I, § 6; U. S. Const., 14th Amendt., § 1; Public Officers Law, §§ 10, 30; County Law, § 202-a; New York City Charter [1938], ch. 16; *People* v. *Fuller,* 156 Misc. 404; *Matter of Knight,* 191 N. Y. 286; *People* v. *Scannell,* 36 Misc. 404; *People ex rel. Pringle* v. *Conway,* 121 Misc. 620.)

The substance of the opposition to the defendant's objection is: That the status of the Office of Price Administration in the Municipal Term of the Magistrate's Court of the City of New York is that of a citizen and as such it and its counsel rightfully prosecute infractions (N. Y. City Crim. Cts. Act, § 100; L. 1910, ch. 659, as amd.; General Orders No. 20 of the Police Department of the City of New York, § 417 [promulgated by Police Commissioner June 19, 1924]; Cobb on Inferior Criminal Courts Act, § 70; *People ex rel. Pringle* v. *Conway,* 121 Misc. 620, *supra*); that it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses (*People ex rel. Pringle* v. *Conway, supra*); and that it is essential that counsel assist the Office of Price Administration investigators in the presentation of their many cases involving the War Emergency Act of the State of New York.

" A criminal action is prosecuted in the name of the people of the State of New York, as plaintiffs, against the party charged with crime." (Code Crim. Pro., § 6.)

" The proceedings, therefore, which may be commenced in a City Magistrate's Court, are criminal proceedings and the People of the State of New York are the plaintiffs, and entitled to be represented at every stage thereof either by the district attorney for the county or attorney-general for the state, each of whom is a constitutional prosecuting officer for the People."

*(People ex rel. Gardiner* v. *Olmstead,* 25 Misc. 346.) In some cases the Corporation Counsel of the City of New York prosecutes law violations of a penal nature. (New York City Charter [1938], ch. 16.)

A corollary is that only the above-designated officials may prosecute in the name of the People of the State of New York. *(People ex rel. Berman* v. *McDonnell,* 269 App. Div. 864, and cases therein cited.)

The " due process clause " of the Constitutions of the United States and the State of New York assures to the defendant not only his rights under the law but also that the procedure provided by law be adhered to strictly. Nothing, however, has been presented to show that the rights of the defendant would be affected in this war emergency by permitting the attorney for the Office of Price Administration to prosecute this case at bar.

The attorney for the Office of Price Administration in this case has stated that it is essential that the investigators of that office have the assistance of counsel in presenting their cases in this war emergency. The Corporation Counsel of the City of New York has regularly prosecuted such violations wherein inspectors and agents of departments of the City of New York are the People's complaining witnesses. The court knows of no instance where the District Attorney or Attorney-General for the State has participated in such prosecution. Apparently those official prosecutors have not elected to act in the cases where the Office of Price Administration investigators are the complaining witnesses.

Under the circumstances, the contention of the attorneys for the Office of Price Administration that in this war emergency it is essential that their investigators have the assistance of counsel to present their cases, is sufficient reason for the court to permit said counsel presently to do so. *(People ex rel. Pringle* v. *Conway, supra.)*

The objection, therefore, is overruled with an exception to the defendant. The attorney for the Office of Price Administration may proceed with the presentation of this case.