Chief Judge Desmond.
This appeal by the People requires us to hand down a decision as to the meaning and effect of section 667 of the Code of Criminal Procedure which reads thus: ‘ ‘ When a person has been held to answer for a crime, if an indictment be not found against him, at the next term of the court at which he is held to answer, the court may on application of the defendant order the prosecution to be dismissed, unless good cause to the contrary be shown.”
Reversing the former County Court of Queens County, the Appellate Division set aside defendant’s conviction entered on his plea of guilty to a felony, and granted defendant’s motion, made before plea, to dismiss the indictment on the ground that it had not been found at the “next term” as required by section 667. A majority of the Appellate Division Justices held that since, in response to the dismissal motion, no “ good cause ” *4 had been shown for the delay in indicting defendant, he was entitled to a dismissal of the indictment and of the criminal cause in tofo. The Appellate Division minority thought that section 667 called for a dismissal only of the “ prosecution ” pending after defendant had been bound over for grand jury action—in other words, that a section 667 motion could accomplish no.more than the release of a defendant held for grand jury action but could not prevent or invalidate a later indictment. We agree with the dissent.
In May, 1959 defendant, arraigned in a Magistrate’s Court on a charge of theft, waived examination and was admitted to bail pending grand jury action. In April, 1961 he moved under section 667 to dismiss the complaint because he had riot been indicted. Before the dismissal motion came on for hearing, defendant (in May, 1961) was indicted on a series of courits which included the charge originally made in the Magistrate’s Court. The motion to dismiss the. complaint was denied. Defendant when arraigned on the indictrrient renewed his motion to dismiss. When it was again denied he. pleaded guilty to one of the charges in the indictment arid was' sentenced arid then took this appeal. ,
We cannot read section 667 of the Code of Criminal Procedure as meaning not only that a dismissal thereunder is a bar to any further prosecution on the same charge but that it results in a dismissal of an indictment also if' one is found before the dismissal motion is heard.
In the first place, the statutory language- does not permit such a construction. It says that, if a defendant bound over for grand jury action be not indicted at the next term and no good cause contra be shown, the court may ? ‘ order the prosecution to be dismissed People v. Dillon (197 N. Y. 254, 256-257) read somewhat similar language, as meaning that “ that particular prosecution is terminated” but that this does not bar subsequent prosecution for the same crime (see, also, Robbins v. Robbins, 133 N. Y. 597, 599). As-was pointed out in Dillon, such a dismissal has: no greater effect than a discharge by a Magistrate on preliminary hearing, and we know that such a discharge has no effect at all on the power of the grand jury later to indict (see People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 261; Collins v. Loisel, 262 U. S. 426, 429).
*5 Next, we have the fact that, after this dismissal motion had been made but before it was heard, an indictment had been handed up. The fact of indictment was in itself ‘' good cause ’ ’ for refusing to dismiss the charge (see People v. Pearsall, 6 Misc 2d 40).
The corresponding section authorizing a motion to dismiss an indictment if not tried at the next term, etc., is section 668 of the Code of Criminal Procedure and it is settled that a section 668 dismissal does not prevent a reindictment within a reasonable time (People v. Wilson, 8 N Y 2d 391, 396). The Wilson holding was based in part on still another section (§ 673) which says that an order for a dismissal under chapter VII ‘ ‘ is not a bar ” “ to another prosecution for the same offense * * * if the offense charged be a felony.” We see no reason why a dismissal for failure to indict should have more drastic consequences than a failure to bring to trial after indictment.
The order appealed from should be reversed and the judgment of conviction reinstated.
Judges Dye, Fuld, Van Voorhis, Burke and Bergan concur; Judge Scileppi taking no part.
Order of Appellate Division reversed and judgment of the then County Court, Queens County, reinstated in the Supreme Court.