Gabrielli, J. (dissenting).
I vote to affirm upon the majority memorandum at the Appellate Division, with these additional comments.
The defendant argues strongly that the holding in United States v Marion (404 US 307) justifies a determination that his right to a speedy trial has been violated, and that the case stands for the proposition that the measuring time commences when he becomes an accused by arrest. The court in that case, however, was careful to point out that "the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused’ in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time” (p 313). In the case presently before us, the charges against the defendant were dismissed in the *794 Buffalo City Court and he was then no longer an accused in either a legal or practical sense. Indeed, as noted by the Chief Judge writing for the majority, the defendant’s bail was discharged (p 791) and, under all these circumstances, the defendant was no longer under restraint of any kind; nor could he, in any imaginable context, be considered an "accused” for Sixth Amendment purposes. "It is well-settled law that a prosecution is terminated by the discharge of [a defendant by] an examining magistrate” (People v Dillon, 197 NY 254, 256, cited with approval People v Saccenti, 14 NY2d 1, 4; see, also, Robbins v Robbins, 133 NY 597).
There being no charges of any kind against defendant at the point of dismissal, the "speedy trial” time could not then have either begun to run or, indeed, continue to run. At that point, the defendant stood in a position no different than one who had engaged in some possible illegal activity and the People, having knowledge of the activity, waited for some time before commencing a prosecution (see United States v Marion, supra, p 313).
Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Gabrielli dissents and votes to affirm in a separate opinion.
Order reversed, etc.