OPINION OF THE COURT
William J. Quinn, J.
Petitioner, pursuant to CPLR article 78, seeks an order directing the New York State Board of Parole to reinstate petitioner to release on parole, or in the alternative, to grant him a rehearing on the issue of his final parole revocation.
Petitioner was and still is a citizen of the United States of America, and is domiciled in the City of Rochester, Monroe County, State of New York. At present, petitioner is an inmate at the New York State Department of Correction’s facility known as Camp Adirondack, located at Ray Brook, Essex County, New York.
On March 17, 1972, petitioner was sentenced to an indeter *212 mínate term of imprisonment of seven years, and placed in the custody of the New York State Department of Correction. On July 17, 1975, petitioner was released on parole. From July 17, 1975 until February 14, 1977, petitioner successfully complied with the terms and conditions of his release on parole. During said period, petitioner maintained a proper residence with his family at 15 Fleming Creek Circle, Rochester, New York, was gainfully employed as a salesman, and attended the Rochester Institute of Technology.
On February 14, 1977, petitioner alleges that he telephoned his probation officer and learned from said probation officer that he wished to place petitioner in violation of parole. On February 16, 1977, parole violation Warrant No. 45830 was issued in Rochester, New York, by the said parole officer, charging petitioner with four parole violations. Said violation warrant was based in part upon the fact that criminal charges of possession of stolen property and burglary tools had been filed against the petitioner herein. On July 13, 1977, petitioner was taken into custody.
In the month of October, 1977, said criminal charges against petitioner were presented to the Monroe County Grand Jury; and on October 21, 1977, said Grand Jury dismissed said charges by returning a "no-bill”, on both charges.
Petitioner waived his preliminary parole revocation hearing, and on November 2, 1977, petitioner appeared before the New York State Board of Parole for his final parole revocation hearing. As a result of said hearing, said parole violation was sustained, with findings: (a) Petitioner violated rule 4 (b) of the Parole Board (7 NYCRR 1915.10 [release agreement]) in that on October 24, 1976, he changed his residence without the knowledge or permission of his parole officer; (b) Petitioner violated rule 3 (b) of the Parole Board in that on February 14, 1977 and thereafter, he failed to make his scheduled parole officer reports; (c) Petitioner violated rule 3 (c) of the Parole Board in that on February 14, 1977, he refused to reply to a question asked of him by his parole officer; and (d) Petitioner violated rule 7 (a) of the Parole Board in that on February 14, 1977 he failed to lead a law abiding life and conduct himself as a good citizen when he was in possession of stolen property and burglar tools.
As a result of said parole violation being sustained by the board on all charges, a 21-month punishment was imposed, and petitioner is presently serving said sentence.
*213 Petitioner contends that the action of the Parole Board in sustaining said violation on the grounds that petitioner violated rule 4 (b) and rule 7 (a) of the Parole Board was arbitrary and in violation of the petitioner’s statutory rights.
This court is asked to review the papers before it on the basis that a substantial right of the petitioner has been violated, and on the ground that the action of the Parole Board was arbitrary and capricious. Respondent, by general denial, places the actions of the Parole Board in issue.
This court first addresses itself to parole violation (d) (supra) which deals with possession of stolen property and possession of burglar tools. It is this court’s opinion that consideration on November 2, 1977 of this alleged violation of parole, has tainted the entire hearing with impropriety. CPL 190.75 (subd 1) has application here, and reads as follows: "If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. In such case, the grand jury must, through its foreman or acting foreman, file its finding of dismissal with the court by which it was impaneled.”
It must be conclusively presumed that the Grand Jury dismissed the charges against petitioner herein because the facts presented did not warrant indictment. If the facts proven against petitioner appear insufficient to the Grand Jury to justify prosecution, the same charges on identical evidence should not be resubmitted elsewhere for reconsideration. (People v Kowalski, 159 Misc 493.) "The decision of the grand jury is justly entitled to great weight and should not be brushed aside or ignored.” (People v Pack, 179 Misc 316, 323.) See, also, People v Dillon (197 NY 254, 259) where it was stated, "when one grand jury has dismissed a bill it cannot be presented to another grand jury without leave of the court.” In the instant situation, a consideration of charges previously dismissed by the Grand Jury is error.
By removal of rule 7 (a) of the Parole Board (7 NYCRR 1915.10 [release agreement]) from consideration, as error, petitioner is faced with technical violations of parole only, and 21 months’ punishment appears excessive and extraordinary.
Petitioner’s prayer is granted annulling the determination *214 made by the Parole Board on November 2, 1977. Respondent is directed to grant petitioner an immediate and new final parole revocation hearing, consistent with all the above.