■ DONALD TERRELL, Respondent, v COUNTY OF SUFFOLK et al., Appellants.—In an action to recover damages for malicious prosecution, defendants appeal from an order of the Supreme Court, Suffolk County, dated April 4, 1977, which denied their motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. This action for malicious prosecution accrued on November 5, 1975, when the charges that had been brought against plaintiff were dismissed in the First District Court, Hauppauge, New York (see *Robbins v Robbins,* 133 NY 597). A notice of claim was filed against the county on January 30, 1976. No such notices were filed for the individual defendants, as former subdivision 2 of section 52 of the County Law required. The defendants moved to dismiss the complaint, *inter alia,* on the ground that the individual defendants had not been served with notices of claim and that this failure also barred the action against the county pursuant to section 53 of the County Law. In our view, plaintiff is entitled to the benefit of the amendments to section 50-e of the General Municipal Law and section 52 of the County Law that were made effective September 1, 1976 (L 1976, ch 745, § 3). Former subdivision 2 of section 52 of the County Law was omitted by the statutory changes. (See, also, General Municipal Law, § 50-e, subd 1, par [b], eff Sept. 1, 1976.) Under the amended statutes, plaintiff would not have to file notices of claim against the individual defendants. Since his action against those defendants was not time-barred when the statute was made effective, the defendants are not prejudiced by plaintiff's having commenced the action against them, without a notice of claim, on July 19, 1976, six weeks before the statutory deletion of the requirement for such notice (see *Matter of Beary v City of Rye,* 44 NY2d 398). Special Term's implicit permission to serve the amended complaint, which omitted the commissioner, deputy commissioner and precinct commander as parties, but contained nothing of which defendants had not been essentially apprised by the original complaint, was proper. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.

■ ILENE TYDINGS, Respondent, v LAWRENCE TYDINGS, Appellant.—In an action for divorce, defendant appeals from an order of the Supreme Court, Nassau County, entered April 13, 1978, which denied his motion for a protective order and directed him to produce (1) the records and books of the professional corporation of which he is a shareholder and (2) his personal financial records from 1974 to 1977. Action remitted to Special Term to hear and report as to whether defendant, as a minority stockholder, has actual possession and control over the corporate financial records sought, and appeal held in abeyance in the interim. Special Term is to file its report in accordance herewith with all convenient speed. Defendant alleges that he has no control over the corporate documents that the court at Special Term has directed him to produce. The facts in this action have been disputed throughout. In view of that circumstance, an opportunity to amplify, explain or contradict the varying allegations by further proof should be afforded the parties. No first-instance evaluation of the tendered proof has been made by a court possessed of fact-finding powers. Upon remission, the court at Special Term shall determine as a fact whether defendant is in possession of the requested records. Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.